UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ROSALIE ROMANO, PATRICIA GLUECKERT,
WILLIAM P. GLUECKERT, FRANCISCO
PASTOLERO, MARIA SPICER, JOHN
VARGHESE, JAYNE MANN, DENISE FLORIO,
ROSS MEADOW, ARLENE MEADOW, JACOB
KHOLODNY, BELLA KHOLODNY, FLO            **MEMORANDUM & ORDER**
RAUCCI, DANIEL GALLANTE and               Civil Action No 16-5760(DRH)
JENNIFER GALLANTE, individually and
on behalf of all others similarly situated,

        Plaintiffs,

  -against-

NORTHROP GRUMMAN CORPORATION,
NORTHROP GRUMMAN SYSTEMS
CORPORATION, and TOWN OF OYSTER
BAY,

        Defendants.
------------------------------------------------------------------X


**APPEARANCES:**

**For Plaintiffs:**

Napoli Shkolnik PLLC
360 Lexington Ave., 1st Floor
New York, New York 10017
By:    Hunter Shkolnik, Esq.
        Paul J. Napoli, Esq.

Imbesi Law P.C.
450 Seventh Avenue, 14th Floor
New York, New York 10123
By:    Brittany Weiner, Esq.
        Vincent Imbesi, Esq.

**For Defendants Northrop Grumman Corp. and Northrop Grumman Sys. Corp.:**

Hollingsworth LLP
1350 I Street, N.W.
Washington, D.C. 20005
By:   Frank Leone, Esq.
       Donald W. Fowler, Esq.

Morrison & Foerster LLP
250 West 55th Street
New York, New York 10019
By:   Grant Esposito, Esq.
       Jessica Kaufman, Esq.

**For Defendant Town of Oyster Bay:**

Milber Makris Plousadis & Seiden LLP
1000 Woodbury Road, Suite 402
Woodbury, New York, 11797
By:   Peter Tamigi, Esq.


**HURLEY, Senior District Judge:**

The purpose of this memorandum is to address the motion of plaintiffs to remand this case back to state court.

## BACKGROUND

This putative class action was filed on September 13, 2016, in Nassau County Supreme Court on behalf of current and former residents and property owners of Bethpage, New York ("Plaintiffs" or the "Class") asserting various state law causes of action against defendants Northrop Grumman Corporation ("NG") and Northrop Grumman Systems Corporation ("NGSC") (collectively "Northrop") for injuries and

damages allegedly suffered as a result of the release of hazardous substances from its former site of approximately 635 acres in East-Central Nassau County, formerly known as the Grumman-Aerospace-Bethpage Facility Site ("the Site")[1], as well as 18 acres of land donated by Grumman to the Town of Oyster Bay and currently known as Bethpage Community Park (the "Park").[2] The Site includes the Northrop Grumman-Bethpage Facility, the Naval Weapons Industrial Reserve Plant - Bethpage ("NWIRP"), and the Grumman Steel Lose Site. (*See* Compl. ¶¶ 1-66.) According to the Complaint, "[o]ver its almost six decade existence, Grumman, an airplane, weapons and satellite manufacturer with significant U.S. Department of Defense contracts, generated, stored, and disposed of toxic contaminants and manufacturing byproducts . . . at its facilities and at landfills . . . . These practices resulted in extensive pollution at or emanating from Grumman Facilities identified in [the] Complaint." (Compl. ¶ 3.)

On October 14, 2016, Northrop filed a Notice of Removal, setting forth the following bases for removal: (1) there exists complete diversity under 28 U.S.C. § 1332(a); (2) the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1453,

---

[1] Grumman Corporation, f/k/a Grumman Aeronautical Engineering Inc., was incorporated in New York in 1929. Grumman Corporation and its subsidiary Grumman Aerospace Corporation (collectively "Grumman") were headquartered in Bethpage, New York. In 1994, Grumman was acquired by Northrop Corporation; the two corporations merged in 1995 to become NG. (Compl. ¶¶ 2-3.)

[2] Defendant NGCS "remains the current owner of the Grumman Access Road, a closed private road in the vicinity of the Park associated with the former Plant." (*See* Compl. ¶ 66.)

1711-15, confers original jurisdiction and (3) actions taken by Northrop Grumman satisfy the federal-officer removal statute under 28 U.S.C. § 1442(a)(B). That same day Northrop also filed its answer.

On November 4, 2016, Plaintiffs filed an amended complaint ("AC"). As relevant to the current motion, the amended complaint added the Town of Oyster Bay ("Town" or "Oyster Bay") as a Defendant. With respect to the Town, the amended complaint alleges that the Town is the current owner and operator of the Park, within which is an area of approximately 3.75 acres which formerly contained "Grumman Settling Ponds" which was used to dispose of various wastes generated by industrial operations at the Site resulting in the releases of PCBs into the surrounding soil. (AC ¶¶ 59-62.) Pursuant to a March 18, 2005 Administrative Consent Order with the New York State Department of Environmental Conservation ("NYDEC"), the Town was "required and obligated to develop and implement a remedial program to undertake a clean-up of Park property because of the presence of hazardous waste and contamination" at the Park. (AC ¶ 64.) In July 2005 the Town entered into an order for an interim remedial measure to investigate and remediate 7 acres of the Park. Thereafter the Town "was formally identified as a potential responsible party (PRP) and has been responsible for continued contamination emanating from the Park . . . ." (AC ¶ 65.) It is alleged that despite the foregoing orders, the groundwater from the Park has continued to migrate resulting in volatile organic compounds ("VOCS") seeping into the

groundwater and have moved into the soil vapor of Plaintiffs, affecting the indoor air quality. (AC ¶ 66.)

The allegations in the amended complaint against Northrop are essentially unchanged from those in the complaint.

After the filing of the amended complaint, Plaintiffs filed the instant motion to remand, arguing that (1) removal is not appropriate because the adverse parties are not completely diverse; (2) the Home State and Local Controversy exceptions to CAFA mandate that this Court abstain from exercising jurisdiction; and (3) Northrop does not satisfy the requirements of the Federal Officer Removal Statute. Both Northrop and the Town oppose the motion. Because, as discussed below, the Court finds jurisdiction exists under CAFA, it need not address the other bases asserted for jurisdiction.

## DISCUSSION

### I. Governing Standard

Federal courts are courts of limited jurisdiction, and "removal jurisdiction exists in a given case only when that jurisdiction is expressly conferred on the courts by Congress." *Bedminster Fin. Grp., Ltd. v. Umami Sustainable Seafood, Inc.*, 2013 WL 1234958, at *2 (S.D.N.Y. Mar. 26, 2013) (quoting *Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 367 (S.D.N.Y. 2006)). Under 28 U.S.C. § 1441, removal is permitted for any civil action, commenced in a state court, over which a federal court has original jurisdiction. 28 U.S.C. § 1441(a); *Bounds v. Pine Belt*

*Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010). Where, as here, jurisdiction is asserted by a defendant in a removal petition, the defendant bears the burden of establishing that removal is proper. *See Cal. Pub. Emp. Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004) (citations omitted).

In 2005, Congress enacted CAFA to "curb class action abuses stemming largely from state and local courts 'keeping cases of national importance out of Federal court,' often demonstrating bias against out-of-state defendants, and 'making judgments that impose their view of the law on other States and bind the rights of the residents of those States.'" *Mattera v. Clear Channel Commc'ns, Inc.*, 239 F.R.D. 70, 77 (S.D.N.Y. 2006) (quoting Pub. L. No. 109-2 §2(a)(4), 119 Stat. 4). Among other things, CAFA amended the federal diversity jurisdiction statute by relaxing the complete diversity rule for otherwise eligible class actions. It also contains certain exceptions to its application.

Under CAFA, as in general, "the party asserting federal jurisdiction [bears] the burden of proving that the case [is] properly in federal court." *DiTolla v. Doral Dental IPA of New York*, 469 F.3d 271, 275 (2d Cir. 2006) (citation omitted). Once CAFA jurisdiction is established, the burden of proof to establish an exception to such jurisdiction rests with the party opposing the exercise of the Court's established jurisdiction. *See, e.g., Greenwich Fin. Servs. Distressed Mortgage Fund 3 LLC v. Countrywide Fin. Corp.*, 603 F.3d 23, 26 (2d Cir. 2010) ("[O]nce the general requirements of CAFA jurisdiction are established, plaintiffs have the burden of

demonstrating that remand is warranted on the basis of one of the enumerated exceptions.") (citations omitted).

## II. CAFA Jurisdiction

CAFA expanded federal diversity jurisdiction over state-law class claims, *see Weisblum v. Prophase Labs, Inc.*, 88 F. Supp.3d 283, 294 (S.D.N.Y. 2015). It "confer[s] federal jurisdiction over any class action involving: (1) 100 or more class members, (2) an aggregate amount in controversy of at least $5,000,000, exclusive of interest and costs, and (3) minimal diversity, *i.e.*, where at least one plaintiff and one defendant are citizens of different states." *Cutrone v. Mortgage Elec. Registration Sys., Inc.*, 749 F.3d 137, 142 (2d Cir. 2014).

CAFA also provides for a certain mandatory exceptions to jurisdiction. One such exception is for matters that are "local controversies." *See* 28 U.S.C. § 1332(d)(4)(A). This exception is "designed to draw a delicate balance between making a federal forum available to genuinely national litigation and allowing the state courts to retain cases when the controversy is strongly linked to that state." *Brook v. UnitedHealth Grp., Inc.,* 2007 WL 2827808, at *3 (S.D.N.Y. Sept. 27, 2007) (citation omitted). In other words, this exception is "intended to keep purely local matters and issues of particular state concern in the state courts." *Id*. (citation omitted). It provides that a district court shall decline to exercise jurisdiction over a class action in which these conditions are met: (1) "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in

which the action was originally filed;" (2) at least 1 defendant is a defendant (a) "from whom significant relief is sought by members of the plaintiff class"; (b) "whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class"; and (c) "who is a citizen of the State in which the action was originally filed;" (3) "principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and (4) "during the 3–year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons." 28 U.S.C. § 1332(d)(4)(A).

### A.     The Parties' Contentions

Plaintiffs maintain that the local controversy exception[3] is applicable and therefore under CAFA remand is required. Defendants' response is threefold: first, CAFA jurisdiction is determined at the time the original complaint is filed; second, Plaintiffs cannot circumvent CAFA by belatedly relying on the local-controversy exception; and finally, the Town is not a "significant" defendant for purposes of the local controversy exception.

---

[3]As Northrop aptly states, "Plaintiffs' [remand] motion refers in passing to the 'home state exception' . . . but does not explain how it could apply here. It clearly does not apply, because that exception requires that *all* 'primary defendants' be citizens of the state where the action was originally filed, 28 U.S.C. § 1332(d)(4)(B), and Northrop . . . [is] not [a] citizen[] of New York." (Northrop Opp. Mem. at 7.)

### B. Absent Application of the Local Controversy Exception Jurisdiction Exists Under CAFA

Preliminarily, the Court notes that there appears to be no dispute that the requirements of 28 U.S.C. § 1332(d)(2) are met whether viewed against the complaint or the amended complaint. Indeed, both the complaint and the amended complaint allege that while the exact number of class members is unknown, "the amount of affected property owner residents in Bethpage . . . has reached the thousands." (Compl. ¶ 109; AC ¶ 213.) Further, damages are sought in an amount of not less than one hundred million ($100,000,000.00) dollars for each asserted cause of action. (Compl. at p. 55-57 ("Wherefore Clause); AC at p. 55-56 ("Wherefore Clause").) Finally, minimal diversity exists in that at least one of the plaintiffs is a citizen of New York and NG and NGSC are not citizens of New York. (*See, e.g.*, Notice of Removal ¶¶ 30-31.) Thus, removal was proper and federal jurisdiction exists under CAFA absent an exception.

However, as discussed in the next section, CAFA jurisdiction is determined at the time of the filing of the original complaint and plaintiff cannot circumvent CAFA by amending its complaint to add the Town.

### C. The Amendment of the Complaint Did Not Destroy CAFA Jurisdiction

"[W]hen a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473, 74 (2007).

However, removal cases are treated differently. "[W]hen a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction." *Id.* at 474 n.6. Nor is a court deprived of jurisdiction in a case removed on the basis of diversity when an amended complaint is thereafter filed that reduces the amount in controversy below the statutory threshold. *In Touch Concepts, Inc. v. Cellco* Partnership, 788 F.3d 98, 101 (2015) (citing St. *Paul Mercury Indem. Co. v. Red. Cab Co.*, 303 U.S.283, 292 (1938)). This difference in treatment arises because "removal cases raise forum-manipulation concerns that simply do not exist when it is the *plaintiff* who chooses a federal forum and then pleads away jurisdiction through amendment." *Rockwell*, 549 U.S. at 474 n.6.

Citing the foregoing precepts, the Second Circuit has held that amending a complaint after removal to eliminate class allegations does not deprive a court of jurisdiction under CAFA:

> Since a post removal-amendment does not defeat federal jurisdiction premised on federal question or on diversity, we cannot see why it would defeat federal jurisdiction under CAFA. *See Blockbuster* [*Inc. v. Galenao*], 472 F.3d [53,] 56 [(2d Cir. 2006)] ("Congress enacted CAFA with the purpose of , *inter alia*, expanding the availability of diversity jurisdiction for class action lawsuits.) And CAFA is found in the section of the U.S. Code that describes diversity jurisdiction.

*In Touch,* 788 F.3d 101-02. Indeed, the vast majority of courts who have addressed the issue have held that if removal was proper, post-removal amendments do not

destroy subject matter jurisdiction under CAFA. *See, e.g.*, *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1279 (9th Cir. 2017) ("citizenship of the class for purposes of minimal diversity is determined as of the operative complaint at the time of removal" and therefore remand denied where plaintiff amended complaint after removal to change class definition so as to destroy diversity); *Cedar Lodge Plantation, L.L.C. v. CSHV Fairway View I, L.L.C.*, ("time of removal rule prevents post-removal actions from destroying jurisdiction that attached in a federal court under CAFA"); *Louisiana v. Amer. Nat. Prop. Cas. Co.*, 746 F.3d 633, 639 F.3d (5th Cir. 2014) ("Every circuit that has addressed the question has held that post-removal amendments do not oust CAFA jurisdiction."); *In re Burlington N. Santa Fe Ry. Co.*, 606 F.3d 379, 380-81 (7th Cir. 2010) ("[J]urisdiction under CAFA is secure even though, after removal, the plaintiffs amended their complaint to eliminate class allegations. . . [as] allowing plaintiffs to amend away CAFA jurisdiction after removal would present a significant risk of forum manipulation."); *cf. F5 Capital v. Pappas*, 856 F.3d 61, 77 (2d Cir 2017) ("[B]ecause jurisdictional facts are assessed at the time of removal and because at the time the complaint here appeared to plead in good faith the class claim necessary for jurisdiction, the fact that the [district] court subsequently determined that the case could not proceed as a class action under CAFA did not deprive it of subject matter jurisdiction."); *Thatcher v. Hanover Ins. Group, Inc.*, 659 F.3d 1212, 1215 (8th Cir. 2001) (district court abused discretion in granting plaintiff's motion to voluntarily dismiss putative class action

without considering whether the motion was improper forum-shopping; district court could have concluded it was such an attempt as plaintiff's expressed intent was to amend his complaint in order to avoid federal jurisdiction).

The rule that an amendment of a complaint post-removal does not affect CAFA jurisdiction has been applied to amendments that could affect an exception to CAFA jurisdiction. In *Cedar Lodge Plantation*, *supra,* a proposed class action was removed from Louisiana state court to federal court under CAFA. Thereafter, the plaintiffs amended their complaint to add a Louisiana defendant, purportedly a "significant local defendant," and moved to remand. Reversing the district court's remand order, the Fifth Circuit rejected the argument that CAFA's local controversy exception which requires a court to decline jurisdiction "must occur whenever, during the litigation and assuming no purposeful forum manipulation, the class action falls within the parameters laid out by the exception," 768 F.3d at 428. The court reasoned:

> Under [CAFA], the local controversy exception applies to the district court's jurisdiction "over a class action." The term "class action" has the same definition here as it does in the portion of the statute that sets the initial requirements for federal jurisdiction over class action. In both cases, "class action" refers to the "civil action *filed*." Thus when Congress provided that the district courts are to decline to entertain jurisdiction over "class actions," it meant that the courts are to look at the action when it is filed in order to determine whether the conditions for abstention are present.

*Id.* (internal citations to CAFA omitted)(emphasis in original).[4] *See generally Hargett v. RevClaims, LLC*, 854 F.3d 962, 967 (8th Cir. 2017) ("[T]he concept of redefining a class to trigger the local-controversy exception seems to violate § 1332(d)(7), which says that for purposes of the local controversy exception, class citizenship must be determined as of the date of the pleading giving federal exception); *Doyle v. One West Bank, FSB*, 764 F.3d 1097, 1098 (9th Cir. 2014) (District Court erred in determining citizenship of plaintiff class by considering class as pleaded in amended complaint filed after removal. "For purposes of considering the applicability of the exceptions to CAFA jurisdiction, the District Court should have determined the citizenship of the proposed plaintiff class based on [the complaint in effect] as of the date the case became removable.").

Plaintiffs reliance on *Benko v. Quality Loan Serv. Corp.*, 789 F.3d 111 (9th Cir. 2015), is misplaced. In *Benko*, the court held that "[w]here a defendant removes a case to federal court under CAFA, and the plaintiffs amend the complaint to explain the nature of the action for purposes of our jurisdictional analysis, we may consider the amended complaint to determine whether remand to the state court is appropriate." *Benko* is limited to consideration of an amendment which "explain[s] the nature of the action," a circumstance absent here. The limited nature of *Benko*'s holding was recently reinforced by the Ninth Circuit:

---

[4] The Court notes that in *F5 Capital*, the Second Circuit cited *Cedar Lodge Plantation* with approval. *See* 856 F.3d at 76.

> *Benko* allowed amendments for purposes of clarifying the relationship between the parties and the effect of the class claims on particular defendants. This was permitted in *Benko* so that the district court could decide whether remand to state court was appropriate under the local controversy exception. *Benko did not, however, strike a new path to permit plaintiffs to* amend their class definition, *add or remove defendants, or add or remove claims in such a way that would alter the essential jurisdictional analysis.* Recognizing such a path in this circuit would conflict with statutory language and the decisions of the other circuits.

*Broadway Grill, Inc. v. VISA Inc.*, 856 F.3d 1274, 1279 (9th Cir. 2017) (emphasis added).

Finally, precluding an amended complaint filed after removal from triggering one of CAFA's mandatory exceptions to jurisdiction is particularly appropriate in this case. As enunciated in the amended complaint, the basis for the claim against the Town is (1) its ownership and operation of the Park, which contains the "Former Grumman Settling Ponds" and (2) the NYDEC orders requiring the Town to remediate the Park, despite which VOCs have seeped into the groundwater. (AC ¶¶ 59-66.) However, the Park was identified in the original complaint as (1) having been donated to the Town in 1962 and (2) containing the "Former Grumman Setting Ponds" which from 1949 to 1962 were used "to dispose of various wastes generated by industrial operations at the Site, including chromium, PCBs and VOCs . . . result[ing] in the release of PCBs into the surrounding soil within the Park." (Compl. ¶¶ 62-66.) Against this backdrop, the amendment of the complaint, after removal of this action, to add the Town as a defendant gives rise to a strong

suggestion of forum shopping. In other words, it appears that the sole reason for adding the Town was to assert the local controversy exception.[5]

## III. Relatedness/Consolidation

One last matter needs to be briefly addressed. In their memorandum, plaintiffs request, as an alternative to remand, that this matter be reassigned to Judge Bianco as related to *Town of Hempstead v. United States of America*, 16-CV-3652 (JFB)(SIL). (Pls.'s Mem. at 19-20.) The Town takes the position that this case and a case pending before Judge Azrack, *Town of Oyster Bay v. Northrop Grumman Corp.*, 05-CV-1945(JMA)(AKT) are related and should be consolidated. (Town Opp. Mem. at 4-5.) As the procedure for requesting that cases be related has not been complied with, *see* Local Rule 50.3.1(d), such relief is inappropriate at this juncture.

## CONCLUSION

Plaintiffs' motion to remand is denied.

**SO ORDERED.**

Dated: Central Islip, New York
December 15, 2017            s/ Denis R. Hurley
                             Denis R. Hurley
                             United States District Judge

---

[5] The Court also notes that, the according to the amended complaint, two of specified NYDEC orders regarding the Town and the Park occurred in 2005, more than a decade before this action was filed.