UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

*IN RE: Romano v. Northrop Grumman Corp. et al.*, No. 16-cv-5760 *and Related Cases*

## JOINT LETTER REGARDING DISCOVERY DISPUTES

Dear Magistrate Judge Lindsay:

The parties have been completing Phase I discovery in advance of Plaintiffs' motion for class certification, to be submitted on September 1, 2021. The following disputes have arisen. The parties have met and conferred but have not reached a resolution. Plaintiffs respectfully request a short conference at the Court's earliest convenience. Northrop Grumman submits that the Court's prior rulings resolve the issues and a conference is unnecessary, but will be available to attend any conference the Court deems necessary. The issues are set forth below, as follows:

### I. Plaintiffs' Rule 30(b)(6) Notice

A. <u>Plaintiffs' Position</u>

Plaintiffs served Defendants a Rule 30(b)(6) Notice on June 16, 2021. See Exhibit A hereto. Following Defendants' objections and a meet and confer, Plaintiffs served a revised Notice on July 2, 2021. See Exhibit B hereto, showing changes. Defendants continue to object, and, without moving for a protective order, refuse to identify any witnesses who will testify as to the requested topics.

To date, no Defendant witness has been deposed. The parties have agreed to depose Northrup Grumman employee, Edward Hannon on August 4, 2021 and their remediation consultant's employee, Michael Wolfert on August 25, 2021. These are two of the three individuals that Northrop Grumman identified in its initial Rule 26 disclosures on August 10, 2018. At that time, Plaintiffs did not have the benefit of discovery and expert opinion to focus their inquiry. Since then, they have identified additional Northrop Grumman employees and topics that need to be covered. However, to date, Defendants have neither confirmed that Mr. Hannon will be able to provide substantive testimony on all of the above issues nor identified who will do so and when. In the parties' most recent meet and confer, Defendants' counsel only stated that they are trying to contact certain former Grumman employees, Cofman and Smith, and that another former employee, Mr. Ohlmann, who occupied Mr. Hannon's supervisory position in the past, has been contacted but does not recall the facts. Plaintiffs have also specifically asked to depose a current employee, Fred Weber, whose name is associated with many documents relating air emissions, which is a major route of toxic exposure to the proposed class, but Defendants objected that his testimony is "not necessary". In fact, at Mr. Hannon's deposition held on August 4, 2021, where he testified as a fact witness, he was unable to answer most questions about historic air emissions, permitting, possible violations, and relevant documents, citing the fact that he only began working at the company in 2009. He did confirm that Mr. Weber is the only current Northrop Grumman employee with knowledge in that area. Documents produced by Defendants indicate that he has been employed by Grumman since at least 1969.

Joint Letter regarding Discovery Disputes
August 5, 2021
Page 2 of 13

Defendants' position that nearly every topic addressed in the Rule 30(b)(6) request is precluded by the Court's February 4, 2019 ruling on certain discovery demands is both obstructive and factually incorrect.   The Court clearly understood at the time, as it does now, that Plaintiffs are alleging exposure in the community and not on the Grumman property.   However, this exposure was caused by toxic chemicals used and released in Grumman's operations, which is why Defendants' testimony about their leaks, discharges and deliberate dumping is necessary (see Exhibit B, items 4-10).   Furthermore, as Plaintiffs have advised the Court in several letters and conferences beginning in 2020, their experts believe that residents in the Bethpage area were exposed to high levels of toxic air pollutants (including TCE and hexavalent chromium) emitted from the Grumman plants.  In the most recent conference on May 4, 2021, this Court confirmed that Judge Brown had already decided that "air emissions are within the bounds of discovery" (Exhibit C, Transcript of Status Conference, p. 14 lines 10-19). This Court further ruled that discovery on this subject may go back to 1977. (*Id*. p. 23 lines 12-13).  The Rule 30(b)(6) items 9, 15-39 seek a witness with knowledge about air emissions.  Other questions focus on the highly polluted off-Site groundwater, including its impact on drinking water supplies and the schools in the area (Exhibit B, items 11-14, 46-47).  All of these facts about which Grumman is asked to testify go to the scope and severity of exposure for the class action medical monitoring claim, as do the direct questions regarding  adverse health impacts of Grumman's contaminants (Exhibit B, items 46-49, 51).

Plaintiffs submit that the testimony they seek is directly relevant to their claims.  As presented in the Third Amended Complaint, these include exposure to toxic air emissions, polluted water, soil and soil vapor in the residential communities surrounding the Site ("Bethpage area"). In order to properly establish these exposures for purposes of the class medical monitoring and property damage claims, Plaintiffs seek testimony regarding the nature and quantity of the contaminants used by Grumman, their disposal and emissions which led to contamination in the Bethpage area, mitigation measures to limit exposure and migration of the contaminants, and the geographic extent of Site-related contamination in the surrounding communities. In addition, Plaintiffs have requested witnesses who can address Defendants' remediation activities and efforts, if any, to reduce adverse health impacts, which are relevant to the extent and time periods of likely exposure and the need for medical monitoring. Finally, Plaintiffs claim, on behalf of the putative subclass of area residents who are homeowners, that the widespread contamination has lowered property values and caused stigma damage. They are entitled to explore this issue through Grumman's witnesses.(Exhibit B, items 50-51)   As noted above, Defendants have declined to identify and produce witnesses to answer these Phase I questions and have also declined to confirm that the only two witnesses they have put forward will be properly prepared to cover these topics[1].

---

[1] Plaintiffs fully understand that Grumman's polluting activities covered several decades and that many witnesses from those years may no longer be available.  That is why it is all the more important that the witnesses that Defendants do produce are fully briefed and review all necessary historic documents so as to provide authoritative and substantive testimony.

Joint Letter regarding Discovery Disputes
August 5, 2021
Page 3 of 13

As a result, it is very likely that, with just days left to file their class certification motion, Plaintiffs will not have any substantive testimony from Defendants on the issues central to this case[2].

Plaintiffs have done everything possible to resolve Defendants' objections regarding the scope of the Rule 30(b)(6) testimony by participating in two meet and confers and revising their Notice (Exhibit B)..  The latter specifically defines "Site-related contamination" to exclude contamination of the Grumman property itself, where Plaintiffs are not alleging exposure.  It further clarifies that the information sought relates to contaminants that spread into the neighboring areas, thus directly impacting residents and their properties.   These and other limitations were added specifically to address Defendants' concerns regarding phased discovery and tailor the requests to assess off-Site impacts of Defendants' polluting activities. Having thus voluntarily narrowed the gaps between the parties, Plaintiffs should be permitted to go forward with the depositions. See *Fung-Schwartz v. Cerner Corp*., 2020 U.S. Dist. LEXIS 160262, *5-6 (S.D.N.Y. September 2, 2020)(Court ordered Rule 30(6)(b) deposition over Defendants' objections).

In response, Defendants have made "general and conclusory objections as to relevance, overbreadth, or burden."  Such objections are insufficient to exclude discovery of requested information.  *In re Weatherford Intl. Sec. Litig*., 2013 US Dist. LEXIS 75090, at *9 (S.D.N.Y. 2013). Defendants' belated offer,  made below, to allow the use of testimony from prior deposition transcripts of two former employees, Smith and Cofman, in accordance with what Defendants judge to be the limited topics for Phase I, is too little too late. Based on a review of their transcripts, these employees did not address air emissions, a major route of toxic exposure to the Plaintiffs. These employees may have additional knowledge on this subject, but Defendants' refusal to even provide their last known address, as well as their rejection of a simple request to produce the current employee(s) with knowledge, speaks volumes about their willingness to cooperate with their basic discovery obligations.  It is also noted again that John Ohlman, who occupied Mr. Hannon's position prior to him, is not being produced, nor have Defendants agreed to allow his prior deposition testimony to be used.

Defendants' counsel have also repeatedly stated that Plaintiffs do not need the testimony they seek because they have the documents produced in discovery. This position, attempting to deny Plaintiffs a basic discovery method, is of course, untenable as well as self-contradictory, since Defendants are deposing each of Plaintiffs' proposed class representatives without objection. While the parties dispute over the scope of permitted discovery has been ongoing, it is an issue that should be dealt with particularity, without undermining Plaintiffs' right to examine relevant witnesses. These witnesses should be able to explain the documents in the context of Defendants' operations, resolve inconsistencies, and respond to follow-up questions. See *Rotari v. Mitoushi Sushi*, Inc., 448 F.Supp.3d 246, 256 (E.D.N.Y. 2020)(The witness must be properly prepared for his deposition).  None of the caselaw cited by Defendants curtails a party's basic right to depose witnesses with knowledge.  In *Sahu v Union Carbide Corp*., 528 F App'x 96, 103-104 (2d Cir 2013), relied upon by Defendants, the Court noted the extended procedural history of the case

---

[2] This is the opposite of the situation referenced by Defendants in *Bellinger v. Astrue*, 2011 WL 4529602, at *4 (E.D.N.Y. Sept. 28, 2011) because, as the court there makes clear, plaintiff had already deposed several witnesses with direct knowledge of the relevant facts.

Joint Letter regarding Discovery Disputes
August 5, 2021
Page 4 of 13

going back some fourteen years.  In *re Agent Orange Prod. Liab. Litig.*, 517 F. 3d 76, 103 (2d Cir. 2008) and *In re Commodity Exch., Inc., Gold Futures & Options Trading Litig.*, No. 14-MC-2548 (VEC), 2021 WL 2481835, at *6-*7 (S.D.N.Y. June 17, 2021), there was no Rule 36(b)(6) demand at issue.

In addition to their improper refusal to identify and produce witnesses with knowledge of the relevant issues,   Defendants raise spurious procedural objections to the Rule 36(b)(6) notice.  In actual fact, discussions regarding the depositions of Defendants' witness have been going on for several months and it is now over six weeks since Plaintiffs have issued the formal notice.  Furthermore, in the Joint Submission re Discovery Schedule and Related Matters, the parties jointly proposed August 27, 2021 as the deadline for "Deposition of Class Representatives, **Defendant**, and 3rd party witnesses" [emphasis added].   See ECF No. 126.  This Court adopted the schedule in the above submission by Order dated May 19, 2021.  Contrary to Defendants' claim, the parties had been discussing for some time the depositions of Defendants' witnesses and never limited the list to two people that are currently being proposed.  As late as June 24, 2021 Defendants wrote to advise that they were checking into the availability of additional agreed-upon custodians for Phase I depositions. Defendants' novel claim that they do not need to produce any witnesses at all in Phase I has no basis.  Similarly, there is no procedural basis for their refusal to produce witnesses who can shed light on the claims at issue, as opposed to just two of the custodians whose files were partially produced.

Given the September 1 deadline for submission of Plaintiffs' class certification motion, the time is extremely limited to schedule depositions of Defendants' witnesses with knowledge. Defendants' continuing objections to Plaintiffs' reasonable efforts to obtain focused testimony pursuant to FRCP Rule 36 are a delay tactic which is causing severe prejudice to Plaintiffs at this important juncture in the litigation.  Therefore, Plaintiffs ask the Court to intervene and order Defendants to promptly identify and produce witnesses with knowledge on the topics identified in the Rule 30(b)(6) Notice.

B.  Defendants' Position

In what has become a brazen and unfortunate pattern, Plaintiffs, once again, ignore this Court's prior Orders and seek to re-litigate the scope of Phase I discovery, which is limited to class certification and does not include the alleged merits of Plaintiffs' claims.  The time for Plaintiffs to serve a Rule 30(b)(6) deposition notice has long since passed.  The issue of whether to revisit this Court's prior rulings concerning the scope of Phase I discovery was raised and resolved by Your Honor on May 4:  over Northrop Grumman's objection, the Court permitted one additional Phase I discovery request, Plaintiffs' second set of document requests concerning air emissions.[3]  Plaintiffs' recent request for a Rule 30(b)(6) deposition was not raised in connection with their air emissions document requests, at either of the prior two court

---

[3] May 4, 2021 Hrg. Tr. at 14:10-14, ECF No. 125.  Northrop Grumman complied with that ruling.

Joint Letter regarding Discovery Disputes
August 5, 2021
Page 5 of 13

conferences before Judge Brown,[4] in negotiating a schedule for Phase I discovery nearly 3 years ago,[5] during meet and confers leading up to the May 4, 2021 conference before Your Honor, or at the May 4 conference.

Years ago, after addressing extensive discovery disputes and motion practice, the Court entered the Phase I scheduling Order that provided *only* for depositions of putative class representatives and did not contemplate *any* depositions of Northrop Grumman.[6]  In negotiating the final schedule for Phase I that was *jointly* submitted to your Honor on May 18, 2021 (ECF No. 126), Northrop Grumman agreed to depositions of the two Phase I custodians that are still working at or for the Company.  Plaintiffs should not be allowed to renege on the agreement that led to that joint submission.  No Rule 30(b)(6) deposition of Northrop Grumman was requested in finalizing the Phase I schedule, is needed, or would be appropriate.

What is more, the 50+ topics for which plaintiffs belatedly seek 30(b)(6) testimony include subjects this Court has not once, not twice, but three times ruled are outside of Phase I and reserved for Phase II discovery, including information from time periods that predate relevance to Phase I issues, and onsite issues the Court properly ruled years ago are deferred until Phase II.[7]  Plaintiff's arguments above try to limit this Court's prior rulings, suggesting that Phase I excludes only contamination *of* the Navy/Grumman Site.  But as this Court has ruled repeatedly, and Plaintiffs' long ago conceded, Phase I excludes much more, including alleged contamination *at* the Navy/Grumman Site that led to the migration of chemicals offsite.[8]  Plaintiffs' 30(b)(6) topics cover onsite activities and mimic the very requests raised years ago that this Court ruled were deferred until Phase II.  Plaintiffs never challenged those rulings when they were made, and their repeated efforts to ask this Court to revisit its prior rulings (and only

---

[4] Jul. 29, 2020 Hrg. Tr. at 20:21-22, ECF No. 110 (containing no discussion of a 30(b)(6) deposition of Northrop Grumman); *see also* Dec. 3, 2020 Hrg. Tr., ECF No. 116 (containing no discussion of a 30(b)(6) deposition of Northrop Grumman).

[5] ECF Nos. 44, 46 (approving Phase I schedule that does not reference Rule 30(b)(6) depositions).

[6] ECF Nos. 44 at 5 (jointly proposed schedule—which the Court entered—referring to "Depositions of named Plaintiffs regarding class certification issues"); 56-1 (revised schedule—which the Court entered—shifting dates and again and permitting only depositions of class representatives); 87 (Plaintiffs' letter to the Court proposing a revised schedule—which the Court did not enter—again not permitting any depositions of Northrop Grumman).

[7] Feb. 4, 2019 Hrg. Tr. at 29:10-15, ECF No. 84 ((MS. FACTOR: They won't provide any information about onsite operations . . ." THE COURT: "None of that is relevant at the moment. All of that is premature. You're doing class discovery. Their objections are appropriate.").

[8] Pls.' Mar. 12, 2021 Ltr., ECF No. 88 at 2 n.4 (noting that "Grumman has objected to the production of documents relating to contamination *at* the Site . . . and the Magistrate has agreed that such production is premature") (emphasis added).

Joint Letter regarding Discovery Disputes
August 5, 2021
Page 6 of 13

the ones Plaintiffs lost), which the Court has time and again properly refused to do,[9] must come to an end.[10]

In addition to being untimely and flouting the prior Orders of this Court, the request for a Rule 30(b)(6) deposition is properly denied in cases like these. The Second Circuit has rejected 30(b)(6) depositions under similar circumstances where there are "events that took place between fifteen and thirty-five years ago," and has upheld a district court's determinations that: (a) such testimony would have limited benefit to the party seeking it, and (b) the information sought could be obtained through "limited document discovery" in a "more convenient, less costly, and less burdensome" manner. *Janki Bai Sahu v. Union Carbide Corp.*, 528 F. App'x 96, 103 (2d Cir. 2013) (denying Rule 30(b)(6) deposition to plaintiffs who alleged exposure to polluted soil and drinking water from the defendants' pesticide plant, in favor of "limited document discovery.") The same concerns exist here, where Northrop Grumman acquired the former Grumman Corporation in 1994, the events at issue go back some eight decades, to the 1940s, and Northrop Grumman no longer has witnesses available to it who were involved back then. Plaintiffs' request to overrule the Court's prior Orders defining the scope of Phase I discovery is both improper and would impose an undue burden on Northrop Grumman.[11]

Plaintiffs' request also ignores that as part of Phase I discovery from Northrop Grumman, the parties agreed on four custodians, and, after your Honor's May 4 rulings, dozens of additional search terms beyond what Northrop Grumman believed relevant to class certification, especially in light of how much information Northrop Grumman previously provided. Northrop

---

[9] May 4, 2021 Hrg. Tr. at 15:6-10, ECF No. 125 (THE COURT: "Those rulings stand. I'm not revisiting everything that I ordered back in February. That's not going to happen. There was no overruling of those orders . . . Whatever I decided then, stands.")

[10] If needed, Northrop Grumman will be prepared to address the many ways in which Plaintiffs' Rule 30(b)(6) Notice seeks to revisit Your Honor's prior rulings. As explained to opposing counsel during the prior meet and confers, the Notice includes topics that lack temporal limits, topics that seek information about onsite operations and are otherwise beyond the scope of Phase I discovery, and topics concerning all chemicals used at the site, which Judge Brown also ruled is beyond the bounds of proper discovery when he denied Plaintiffs' request for a full list of chemicals used at the site as overbroad. (Jul. 29, 2020 Hrg. Tr. at 30:16-23, ECF No. 110 (THE COURT: "You can't possibly map out every single chemical they ever used. That's not logical . . .").)

[11] *See* Federal Practice and Procedure (Wright & Miller) § 2103 (2021) (noting that "the burdens faced by the responding party [to a Rule 30(b)(6) notice] are considerably more challenging than with an ordinary deposition," and that the "implicit obligation to prepare the witness . . . can present difficulties when the events in question occurred long ago . . . "). Note that the decision Plaintiffs cite, *In re Weatherford Intl. Sec. Litig.*, 2013 US Dist. LEXIS 75090 (S.D.N.Y. 2013), is inapposite not only because Northrop Grumman has identified specific instances of Plaintiffs' topics being overbroad, unduly burdensome, and outside the scope of Phase I, but also because discovery in *Weatherford* centered on four years' worth of the defendant's financial statements, rather than the more than *forty* years' worth of discovery at issue here.

Joint Letter regarding Discovery Disputes
August 5, 2021
Page 7 of 13

Grumman then produced more than 100,000 pages on top of the more than 5.8 million pages previously produced as part of Phase I. For example, Northrop Grumman has produced numerous documents regarding air emissions in response to requests for production that are repeated as topics in the Notice.[12]

Plaintiffs have yet to confirm that they have reviewed all of the documents Northrop Grumman has produced, much less identified any questions relevant to Phase I that those documents do not answer. The Second Circuit has cautioned against "unlimited and unfocused request[s]," particularly where, as here, the request is "made without any attempt to review what was already available," where discovery a party has already received is "likely the best source" of the information sought, and where a party fails to "tailor their request to materials reasonably expected to produce relevant, non-duplicative information." *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008); *see also In re Commodity Exch., Inc., Gold Futures & Options Trading Litig.*, No. 14-MC-2548 (VEC), 2021 WL 2481835, at *6-*7 (S.D.N.Y. June 17, 2021) (denying deposition request as "unreasonably cumulative or duplicative" given "the expansive fact discovery already produced"); *Bellinger v. Astrue*, No. CV-06-321 CBA, 2011 WL 4529602, at *4 (E.D.N.Y. Sept. 28, 2011) (finding a 30(b)(6) topic "unreasonably duplicative" due to "the ample discovery already has from witnesses with knowledge of the relevant facts"); *Blackrock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, Nat'l Ass'n*, No. 14 CV 09371 KPF SN, 2017 WL 9400671, at *2 (S.D.N.Y. Apr. 27, 2017) ("A court should strike notice topics that would result in a witness merely testifying to information readily available through document production.").[13]

As for witnesses, Northrop Grumman is making available for depositions the two of those four agreed-upon Phase I custodians over which it has control: Ed Hannon, who leads Northrop

---

[12] *Compare* Topics 9, 15-18, 20-39, 43, 52 (Exhibit B, Plaintiffs' Revised Rule 30(b)(6) Notice, dated Jul. 2, 2021) *with* Requests 14-25, 27, 29-33, 38, and 40-45 (Exhibit D, Plaintiffs' Second Set of Document Demands to Defendants, Northrop Grumman Corporation and Northrop Grumman Systems Corporation, dated November 20, 2020).

[13] The decision Plaintiffs cite, *Fung-Schwartz v. Cerner Corp.*, 2020 U.S. Dist. LEXIS 160262, (S.D.N.Y. September 2, 2020), is neither relevant nor helpful to Plaintiffs' argument. First, the deposition notice at issue there was served before the close of fact discovery—rather than, in this case, nearly 3 years after it—and contained only four topics, rather than more than 50. *Id*. at *3-4. Further, that case did not involve historical issues of alleged contamination going back decades that the Second Circuit upheld as particularly unsuited to 30(b)(6) depositions. *Cf. Union Carbide*, 528 F App'x at 103-104, *affirming* 262 F.R.D. 308, 317 (S.D.N.Y. 2009) (denial of 30(b)(6) deposition) *and* 2010 WL 909074, at *3-4 (S.D.N.Y. Mar. 15, 2010) (denial of motion to reconsider disallowance of 30(b)(6)). Even then the court in *Cerner* found that "[a]s written, all four of the topics set forth in plaintiffs' Rule 30(b)(6) deposition notice were overbroad, disproportional to the needs of the case, and lacked the particularity necessary for defendants to select and prepare a suitable witness," in part because they sought testimony regarding all documents within broad categories for a time period of more than a decade. *Id*. at *4-5.

Joint Letter regarding Discovery Disputes
August 5, 2021
Page 8 of 13

Grumman's remediation efforts, and Mike Wolfert of Arcadis, the consultant assisting Northrop Grumman with the remediation.  As for the other two Phase I custodians, Kent Smith and John Cofman, both of whom left Northrop Grumman long ago, Northrop Grumman has agreed that transcripts of testimony they gave in other cases, which plaintiffs have, can be used here. Specifically, while the cases in which that testimony was given involve issues and disputes not relevant to this litigation, Northrop Grumman has agreed that questions and answers in those transcripts relevant to this litigation can be deemed as though posed and answered here and, further, has agreed that the portions of such testimony that concern Phase I issues, if any, can be used during Phase I.[14]  In addition, Mr. Hannon and Mr. Wolfert can and will address Phase I issues in their depositions.

Bereft of viable arguments or supporting authority, Plaintiffs once again lean on tired and false allegations about how individual plaintiffs were somehow exposed to contaminated groundwater hundreds of feet below the surface, or the recent spurious claim about exposure through outdoor air, which have nothing to do with the issues raised in this letter.  Northrop Grumman will not repeat here how those unsupported allegations have been rejected time and again by regulators and others who have exhaustively studied the legacy Navy/Grumman Site for decades, or how results of plaintiffs' own testing refutes their claims.  Nor will Northrop Grumman respond here with undisputed evidence that it and its predecessor complied at all times with all standards and regulations.  That time will come during Phase II.

Despite the belated and improper request for a Rule 30(b)(6) deposition, Northrop Grumman, in a final attempt to avoid further burdening the Court, offered to respond to a limited number of supplemental written interrogatories tied to Phase I questions Plaintiffs could not answer from all of the information they already have, in line with the Second Circuit's guidance in *Union Carbide*.  *See also* Fed. R. Civ. P. 26(b)(2)(C)(i) (instructing courts to limit discovery that is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive").[15]  Plaintiffs refused.  Their request for a Rule 30(b)(6) deposition should be denied.

---

[14] In this submission, Plaintiffs ask for the same treatment for non-Phase I custodians, including former employee Mr. John Ohlmann.  As Plaintiffs know, Mr. Ohlmann is almost 90 years old.  He was deposed in the insurance litigation that the Court has already ruled is not relevant during Phase I.  Further, Mr. Ohlmann worked at the former Grumman Corporation starting in 1952, more than 25 years before the cut off for any aspect of Phase I discovery.  Requests to use portions of Mr. Ohlmann's prior deposition transcript relevant to Phase II issues, if any, can be addressed during Phase II.

[15] Plaintiffs note that Northrop Grumman did not move for a protective order, but omit that Plaintiffs likewise did not move to compel.  Instead, the parties followed the procedure to resolve this dispute expeditiously by meeting and conferring in accordance with Rule 30(b)(6)'s new requirement, and then promptly presented unresolved issues to Your Honor in the manner that has been followed for years in this litigation.

Joint Letter regarding Discovery Disputes
August 5, 2021
Page 9 of 13

## II.  Other Discovery Issues

1. <u>Transcripts from Other Litigation</u>

A.  <u>Plaintiffs' Position:</u>

Defendants, acting pursuant to Judge Brown's order, produced transcripts from prior litigation against Northrop Grumman relating to the Bethpage site.   In doing so, however, they have not produced the exhibits to the transcripts.  Plaintiffs have made repeated requests in correspondence and meet and confers asking Defendants to clarify whether they have these materials and, if they do not, that they reach out to the court reporter or authorized Plaintiffs' counsel to do so in order to obtain the exhibits and transcripts at Plaintiffs' expense. Defendants, however, have refused to cooperate.   As a result, Plaintiffs are unable to review the full relevant documents.  The Court should order Defendants to promptly work with Plaintiffs and the court reporting agencies to obtain the exhibits.

Contrary to Defendants' assertions, a review of the deposition transcripts in question reveals that many of them address topics which are directly relevant to Phase I issues.  These include the spills, leaks, and hazardous waste disposal practices that led to the contamination of off-site soils and groundwater, the toxic dumping at what later became Bethpage Community Park, where generations of area residents were exposed to Grumman's chemicals, the impacts on drinking water supplies, and the extent of the contaminated groundwater plume.   The exhibits to these transcripts, which, in the ordinary course, are simply attachments to the main documents, were not produced.  If, as Defendants, state, this is because they were not part of the prior litigation files and the omission is therefore inadvertent and technical, it can and should be easily remedied. As for the relevancy of the deposition exhibits to Phase I issues, at this point, Defendants can make no assertion either way if they themselves do not have these documents in their possession, nor can the Court address this issue.   The only appropriate solution is to allow both sides immediate access to these attachments to the already produced transcripts and preserve all objections as to their future use and relevancy.

B.  <u>Defendants' Position:</u>

Northrop Grumman fully complied with Judge Brown's Order to produce approximately 2 million pages of documents that Northrop Grumman had previously produced in three other cases involving Bethpage, albeit issues different from those present here.[16]  As Plaintiffs know, Northrop Grumman produced to Plaintiffs what Northrop Grumman produced in those prior cases, which happened to include certain deposition transcripts from prior litigation.  Plaintiffs are now asking for exhibits used during those depositions that Northrop Grumman did not produce in those three other cases and therefore fall outside the Court's prior Order.  Thus, the request should be denied.

---

[16] That production included documents that Northrop Grumman had previously produced in:  (i) *Town of Oyster Bay v. Northrop Grumman,* et al., 2:05-cv-1945 (E.D.N.Y.); (ii) *Town of*

Joint Letter regarding Discovery Disputes
August 5, 2021
Page 10 of 13

Moreover, many of the deposition transcripts for which Plaintiffs seek exhibits were taken in the insurance litigation that involved wholly unrelated issues to those present here, including interpretations of the parties' obligations under insurance contracts and requests for reimbursement for costs unrelated to Bethpage. At the last conference before Your Honor, the Court again rejected Plaintiffs' request for additional materials from the insurance cases during Phase I.[17]

That ruling was consistent with Your Honor's prior rulings long ago that such testimony from other cases is not relevant to Phase I.[18] The issue to be resolved now—class certification—involves whether Plaintiffs' claims are susceptible to generalized proof, and if so, whether common or individual issues predominate. Fed. R. Civ. P. 23(b)(3). Plaintiffs seek production of exhibits from depositions taken in *Town of Oyster Bay v. Occidental Chemical Corp.*, No. 94-CV-0694 (E.D.N.Y.), which involved whether waste deposited in the Syosset landfill located outside Bethpage and outside the proposed class area created CERCLA liability, which is not at issue in this case at all. The other case from which Plaintiffs seek deposition transcripts—*Town of Oyster Bay v. Northrop Grumman,* No. 2:05-cv-1945 (E.D.N.Y.)—involves a dispute with the Town over costs for remediation at the Bethpage Community Park. Issues in that dispute are similarly irrelevant here. Indeed, Plaintiffs dismissed the Town as a defendant from the Third Amended Complaint, and removed allegations and claims concerning Bethpage Community Park that were or could have been made against the Town.[19]

As this Court has ruled for years, if any of those prior cases involve issues relevant to Phase II, Plaintiffs can renew their request for deposition transcripts and exhibits from those cases when we reach that phase.

2. <u>Discovery from Newly Proposed Representative John Schlosser</u>

A. <u>Defendants Position</u>

Proposed class representatives Thomas Nucci and John Schlosser did not provide any discovery by the June 30, 2021 deadline,[20] and Plaintiffs' counsel represented both would be

---

*Hempstead v. United States*, et al., 2:16-cv-03652 (E.D.N.Y.); and (iii) *Bethpage Water District v. Northrop Grumman Corporation,* et al.*,* 2:13-cv-06362 (E.D.N.Y.).

[17] May 4, 2021 Hrg. Tr. at 23:18-24, ECF No. 125 (THE COURT: "I reviewed the issue with respect to Travelers documents, I'm just going to rule, because I don't think that there is any discussion that can persuade me that the Travelers documents are necessary to identifying the class. They may be relevant to the merits, but they are absolutely irrelevant to identifying the class. I'm not going to allow discovery on that at this time.").

[18] Feb. 4, 2019 Hrg. Tr. at 69:1-3, ECF No. 84 (denying Plaintiffs' motion to compel Northrop Grumman to produce testimony from other actions, ruling it was irrelevant to Phase I issues).

[19] ECF No. 128, ¶ 2(d).

[20] *See* ECF No. 128 ("Plaintiffs shall produce completed Fact Sheets and authorizations for newly named class representatives, along with their medical records and any other documents

Joint Letter regarding Discovery Disputes
August 5, 2021
Page 11 of 13

dropped as proposed class representatives if they failed to produce such materials by July 9, 2021.  Mr. Nucci was then dropped as a putative class representative.  But Mr. Schlosser also failed to meet the Plaintiffs' unilaterally-imposed extension.  While he provided a Fact Sheet on July 9, he did not provide any completed authorization forms or medical records.  Instead, on July 15, Northrop Grumman received partially completed authorizations that Plaintiffs' counsel acknowledged needed to be redone, and which were not corrected until July 23.  Mr. Schlosser should therefore be dropped as a proposed class representative, consistent with this Court's prior Order and the terms of opposing counsel's self-imposed extension.  There are 20 other proposed class representatives, and Mr. Schlosser remains a plaintiff during Phase II.

   B. <u>Plaintiffs' Position</u>

Plaintiffs have complied with their obligations with respect to medical records for class representative as follows:
1. On May 31, 2021, Plaintiffs produced supplemental authorizations and additional medical records of the class representatives, pursuant to the agreed upon discovery schedule dated May 18, 2021 (Doc. 126) and scheduling Order dated May 19, 2021 (Doc. 127).

2. On May 31, 2021, pursuant to the above Order, Plaintiffs also produced the medical records in their possession for the other named plaintiffs.

3. On June 30, 2021, pursuant to the parties' motion on consent to amend the pleading, Plaintiffs produced the Plaintiff Fact Sheets, authorizations, and all medical records in their possession relating to new class representative named in the Third Amended Complaint.  Plaintiffs asked Defendants for a short extension of time of 10 days to produce the Fact Sheets of Mr. Schlosser and Mr. Nucci, to which request Defendants did not respond. Plaintiffs, in fact, produced  Mr. Schlosser's Fact Sheet on July 9, 2021.  Mr. Nucci has been withdrawn as a class representative.

   Subsequently, Defendants requested that certain authorizations be reproduced as better copies, that a few were missing a date, and that certain Plaintiffs produce one additional authorization for a provider who is not their treating physician. Although at first, Defendants refused to identify the specific documents they claimed were defective, as soon as they did, Plaintiffs addressed these issues.  At this point, Plaintiffs believe that all of the items raised by Defendants have been supplemented and/or corrected.  Plaintiffs have and continue to offer to work cooperatively with Defendants on this issue and see no need for the Court to use its valuable time to mediate between the parties to correct authorizations. With respect to Mr. Schlosser, Plaintiffs intend to use him as a proposed class representative. Defendants have all of his

_____

they have that are relevant to Phase I, on or before June 30, 2021") and June 9, 2021 Order granting ECF No. 128.

Joint Letter regarding Discovery Disputes
August 5, 2021
Page 12 of 13

information, as requested, and will have the opportunity to take his deposition at an agreed upon date.

NAPOLI SHKOLNIK                                  MORRISON & FOERSTER LLP

By: _____                     By: _____
Lilia Factor                                     Jessica Kaufman
                                                 Katie L. Viggiani
400 Broadhollow Rd.                              Anna-Lisa F. Vanzo
Melville, NY 11747
Telephone: (212) 397-1000                        250 West 55th Street
lfactor@napolilaw.com;                           New York, New York 10019
                                                 Telephone: (212) 468-8000
Paul Napoli                                      Facsimile: (212) 468-7900
Email: pnapoli@nsprlaw.com                       Email:  jkaufman@mofo.com;
                                                 kviggiani@mofo.com; avanzo@mofo.com
ENVIRONMENTAL LITIGATION
GROUP, PC                                        *Attorneys for Defendants Northrop*
Gregory A. Cade                                  *Grumman Corporation and Northrop*
Greg Anderson                                    *Grumman Systems Corporation*
Kevin B. McKie
2160  Highland  Avenue South
Birmingham, AL 35205
Telephone: (205) 328-9200
email:   GregC@elglaw.com;
gary@elglaw.com; kmckie@elglaw.com

*Counsel for Plaintiffs*