

October 8, 2021

**Via ECF**

Magistrate Judge A. Kathleen Tomlinson
Long Island Federal Courthouse
100 Federal Plaza
Central Islip, New York 11722-9014

Re: *Romano v. Northrop Grumman Corporation et al.*, No. 16-cv-05760-GRB-AKT
Letter motion on consent to enlarge page limit for class certification motion briefs

Dear Judge Tomlinson:

Pursuant to Local Civil Rule 37.3 and this Court's Individual Practice Rules, Rule II. A. 1, Plaintiffs respectfully request permission to enlarge the page limit for their memorandum of law in support of the motion for Class Certification and Defendants' memorandum of law in opposition to 50 pages and to allow 20 pages for Plaintiffs' reply memorandum of law. Defendants consent to this request[1].

This is a complex action involving claims of personal injury and property damages caused by Defendants' contamination emanating from the former Grumman facilities in Bethpage. See Third Amended Complaint ("TAC")(Doc. 129). In their motion for Class Certification, which must be served on October 29, 2021[2], Plaintiffs anticipate that they will seek certification of two classes under Fed R. Civ. Pro. 23(b)(2)&(3). The Third Amended Complaint lists numerous Class Representatives for the Medical Monitoring Class and some additional or different Class Representatives for the Property Damage Class. Fed R. Civ. Pro. 23(a)(3) & (4) require the Plaintiffs to show, for *each* proposed Class Representative, that "the claims or defenses of the representative parties are typical of the claims or defenses of the class and that "the representative parties will fairly and adequately protect the interests of the class." Fed R. Civ. Pro. 23 also requires the Plaintiffs to prove by a preponderance of the evidence all four requirements of Fed R. Civ. Pro. 23(a) and at least one requirement of Fed R. Civ. Pro. 23(b). *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013); *In re Vivendi*, 838 F.3d 223, 264 (2d Cir. 2016). In addition, Plaintiffs are required to affirmatively show that they have standing to sue in federal court. The motion papers will include references to multiple deposition transcripts and exhibits. Furthermore, Plaintiffs have seven experts who will opine as to class-wide proof in support of the motion. In their memoranda of law, they will reference and discuss the expert reports. Anticipated defense arguments will also be addressed.

Plaintiffs respectfully submit that it is not possible to cover this much evidence and the many legal issues involved within the default page limitations for the briefs. Doing so would

---

[1] Defendants reserve their rights to request a further extension of the page limit once they receive the moving papers.
[2] See Joint Submission, Doc. 137, so ordered on August 25, 2021.

severely prejudice their rights and their ability to show compliance with Rule 23. The expanded briefing will not burden the Court, as the Plaintiffs believe that summarizing their evidence in the motion will make it more comprehensible to the Court.

The Plaintiffs have consulted with Defendants' counsel and they have consented to this motion. The Court has the authority to grant the requested relief. See Rule II. A. 1 supra; *Desly Int'l Corp. v. Otkrytoe Aktsionernoe Obshchestvo "Spartak"*, 2018 U.S. Dist. LEXIS 130170, at *28 (E.D.N.Y. Aug. 1, 2018).

For the foregoing reasons, the Plaintiffs respectfully request the Court to grant this motion and extend the page limits for the moving and opposition papers to 50 pages and to 20 pages for the reply memorandum of law.

NAPOLI SHKOLNIK

By: _____
Lilia Factor

400 Broadhollow Rd.
Melville, NY 11747
Telephone: (212) 397-1000
lfactor@napolilaw.com;
Paul Napoli
Email: pnapoli@nsprlaw.com

ENVIRONMENTAL LITIGATION
GROUP, PC
Gregory A. Cade
Greg Anderson
Kevin B. McKie
2160 Highland Avenue South
Birmingham, AL 35205
Telephone: (205) 328-9200
email: GregC@elglaw.com;
gary@elglaw.com;
kmckie@elglaw.com

Cc: Counsel for Defendants (ECF)