

December 19, 2023

**Via ECF**

The Honorable Steven L. Tiscione
Magistrate Judge
U.S. District Court for the
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re:   *Romano v. Northrop Grumman Corporation et al.*, No. 16-cv-05760 (E.D.N.Y.)
      Pre-Motion Conference Request to Order Mediation

Dear Judge Tiscione:

Our firms represent plaintiffs in the above-referenced matter. We write pursuant to Your Honor's Individual Practice Rules to request a pre-motion conference in connection with plaintiffs' motion to issue an order pursuant to Fed. R. Civ. Pro. 16(c)(2)(I) and for an order directing the parties to conduct bellwether mediation as the first step in global settlement discussions of this and all related actions.

The Plaintiffs, Rosalie Romano, *et al*. filed tort class action in state court against, *inter alia*, Northrop Grumman Corporation and Northrop Grumman System Corporation. Grumman removed the action to this Court on September 13, 2016. The Plaintiffs are all current, or former residents and/or property owners in and around Bethpage, New York and nearby communities located within the Town of Oyster Bay and the Town of Hempstead. (Third Amended Class Action Complaint, para. 1, ECF No. 129, hereinafter "TAC").

Plaintiffs reside, or resided, in the vicinity of the area formerly known as the Grumman Aerospace-Bethpage Facility Site, including the Northrop Grumman – Bethpage Facility, the Naval Weapons Industrial Reserve Plant – Bethpage, the Grumman Steel Los Site, and the Bethpage Community Park [collectively the Bethpage Facility Site] (TAC, para. 2). During the many decades in which Grumman operated the Bethpage Facility Site, Grumman generated, stored, and disposed of toxic contaminants and manufacturing byproducts, including extremely carcinogenic and dangerous hexavalent chromium [CRVI] (TAC, para. 7,62).

Grumman's practices, toxic air emissions, discharges, and dumping of contaminants resulted in extensive pollution at the Site and contaminated off-Site soils, the air, the groundwater, and the drinking water supplies in the area. Toxic air emissions from Grumman's industrial operations polluted the air in the surrounding area for decades. Specifically, large amounts of hexavalent chromium and trichloroethylene and other pollutants were discharged from the facilities into the air. In addition, large quantities of Contaminants were released at the Site, penetrated to the underlying aquifer, and created massive migrating plumes of contaminated groundwater. (TAC, para. 7-9).

The Honorable Steven L. Tiscione
Magistrate Judge
December 19, 2023

    Additional facts regarding these emissions and their effect on the Plaintiffs' health and real property are alleged in the TAC. Each Plaintiff has asserted personal injury and/or property damage claims against Grumman arising from Grumman's release of Contaminants in the form of air emissions and releases int the groundwater affecting the community and real property. They have asserted causes of action for negligence, trespass, abnormally dangerous activity, and nuisance. (TAC, para. 497-555). Grumman has raised various defenses to these claims.

    Currently pending before the Court are Plaintiffs Motion for Class Certification and related Daubert motions to preclude certain experts' testimony (both plaintiffs' and defendants'). These motions, oppositions, replies, and related motions have "bundled" and filed with the Court on or about June 6, 2023 (ECF 156).

    In addition to the instant mass tort class action, numerous individual lawsuits by Bethpage Community members have been filed against Grumman to recover for personal injury and property damage these individuals have suffered as a result of the release of the Contaminants. These cases were filed in state court and have been removed to this Court and are pending as "related" to the instant matter.

    The Plaintiffs respectfully submit that there is no practical and cost-effective *litigation* solution to these cases. The Plaintiffs accordingly move the Court to order mandatory bellwether mediation and, if this is successful, to order global settlement mediation.

    Although bellwether *trials* have now become a common method to resolve mass tort claims, the use of bellwether *mediation* in recent years has been recognized as a faster and more cost-effective option to resolve mass torts. The basic concept is to mediate a small pool of individual claims and then to use the information and the settlement values obtained to fashion a global settlement.

    Plaintiffs propose that the class representatives be selected for the initial mediation pool. Bellwether mediation of their individual claims will be most logical. Each class representative has provided "fact sheets" to Grumman with basic information as to his, or her, medical condition and real property losses. Grumman has deposed each class representative. The parties also have briefed the law and facts with respect to each of the claims for which class certification is sought. Expert reports on the underlying factual issues have been filed by both parties and all experts have been deposed. In short, aside from specific causation as to the personal injury claims, the parties already possess sufficient information to mediate.

    As the Court itself has recognized, "the Court has an obligation to vigorously explore efforts to reduce litigation costs through settlement." <u>Individual Practice Rules of Magistrate Judge Steven L. Tiscione</u> at 3). <u>See also</u> *In re Tobacco Litig.,* 192 F.R.D. 90, 95 (E.D.N.Y. 2000) (describing the Court's "duty to take affirmative action assisting the parties in all possible settlement options"); *In re BitTorrent*, 2012 WL 1570765 (E.D.N.Y. 2012) (same).

    If a significant portion of these claims can be mediated successfully, we anticipate that the Court can direct the parties to meet and begin negotiations *on a global settlement*. The global settlement could take many forms. The parties could specify minimum settlement amounts for specific cancers and other health outcomes based on agreed upon eligibility criteria, including the length of exposure time and residency near the Bethpage Facility. The parties could specify minimum percentage of fair market value settlement amounts for property damage based on agreed upon eligibility criteria, including residency near the Bethpage Facility and the stigma of being located near a Superfund site. Plaintiffs with actual contamination on their property and

The Honorable Steven L. Tiscione
Magistrate Judge
December 19, 2023

Plaintiffs with more serious health issues could receive greater amounts. To protect Grumman, the global settlement could be an "opt in" settlement conditioned on a specific percentage of plaintiff participation (for example, 90%). Alternatively, the parties could decide to dismiss the litigation class action and present a settlement class action for the Court's approval. This would bind everyone in the class, except for those plaintiffs who opt out. Additional options can be discussed at the requested hearing.

      There is thus no downside to granting the request. If the parties cannot agree to settle at least the initial mediation pool, they can return to conducting additional years of expensive and time-consuming litigation with no prejudice to the positions they have taken in the existing actions.

      For the reasons stated, the parties respectfully request the Court to order the parties to conduct bellwether mediation as specified in this motion and to schedule a hearing /conference to discuss the best way to proceed.

      Respectfully Submitted,

NAPOLI SHKOLNIK PLLC

By: /s/ *Robert Gitelman*

Robert Gitelman
400 Broadhollow Road, Suite 305
Melville, New York 11747
Telephone: (212) 397-1000
rgitelman@napolilaw.com

Paul J. Napoli
1302 Avenida Ponce de Leon
Santurce, Puerto Rico 00907
Telephone: (787) 493-5088
pnapoli@nsprlaw.com

ENVIRONMENTAL LITIGATION GROUP, P.C.

Gregory A. Cade
Kevin B. McKie
Gary A. Anderson

2160 Highland Avenue South
Birmingham, Alabama 35205
Telephone: (205) 328-9200
GregC@elglaw.com
kmckie@elglaw.com
gary@elglaw.com

*Attorneys for Plaintiffs*