# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

IN RE: *Romano v. Northrop Grumman Corp. et al.*, No. 16-cv-5760 *and Related Cases*

## JOINT STATUS REPORT UPDATE AND REQUEST FOR CONFERENCE

Dear Magistrate Judge Tiscione:

As set forth in the Joint Status Report dated April 7, 2025 (ECF No. 178), the parties previously proposed a schedule for supplemental class certification briefing to proceed in parallel with mediation efforts that remain ongoing, which the Court ordered on April 9, 2025. Section I of this Joint Status Report respectfully requests modification to the class certification briefing schedule that reflects the parties' agreement.

Additionally, the parties' April 7, 2025 Joint Status Report referenced the twenty-six (26) related and consolidated actions pending before Judge Brown (the "Individual Actions"). Since then, Plaintiffs have filed additional actions, which likewise have been consolidated with the present action and stayed. Section II of this Joint Status Report contains updates for the Court on the status of these matters and related scheduling issues and raises a dispute regarding the merits phase of discovery. In light of that dispute described below, Plaintiffs respectfully request that the Court schedule a conference to address discovery in the Individual Actions.

### I. Amendment to Supplemental Class Briefing Schedule

After the Court ordered a schedule for supplemental class certification briefing, the parties jointly agreed to adjourn supplemental briefing on class certification issues to allow the parties to continue to focus efforts on mediation. The parties jointly and respectfully request modifications to the briefing schedule set forth below *nunc pro tunc* to account for the parties' agreement, including to allow sufficient time to schedule Rule 34 inspections, which is expected to obviate motion practice on that aspect of discovery. This is the parties' first request to modify the supplemental class certification briefing deadlines.

Plaintiffs also respectfully request leave to extend the page limit for their Supplemental Memorandum of Law in Support of Plaintiffs' Rule 23 Motion, to thirty-six (36) pages. Northrop Grumman does not object to Plaintiffs' request for additional pages and respectfully requests a commensurate extension of pages for its opposition brief, should additional pages be needed.

| Event | Current Deadline | Proposed Amended Deadline |
|---|---|---|
| Plaintiffs serve Supplemental Memorandum of Law in Support of Rule 23 Motion and the supplemental expert reports previously provided under mediation privilege. Plaintiffs will provide all information required under Rule 26 for their supplemental expert reports as well as for Dr. Rosenfeld's opinion that is the subject of the pending motion to strike (ECF No. 157). | June 27, 2025 | July 25, 2025 |
| To the extent Northrop Grumman seeks third-party discovery and/or inspections under Rule 34(a)(2) and/or Rule 34(c) the parties will complete their meet and confer efforts to resolve/narrow any dispute and Northrop Grumman will complete Rule 34 Inspections. | July 20, 2025 | October 24, 2025 |
| Northrop Grumman deposes Plaintiffs' class certification experts Dr. Rosenfeld and Dr. Boyle limited to their respective supplemental reports and Dr. Rosenfeld's opinion that is the subject of the pending motion to strike. | Aug. 22, 2025 | Nov. 21, 2025 |
| Northrop Grumman serves its supplemental opposition to Plaintiffs' Amended Rule 23 Motion, including any further submissions concerning Dr. Rosenfeld and Dr. Boyle's opinions, limited to their supplemental reports and Dr. Rosenfeld's opinion that is the subject of the pending motion to strike. Should Northrop Grumman elect to serve supplemental expert reports, the parties will meet and confer on any needed changes to the remainder of this schedule and jointly advise the Court. | Sept. 19, 2025 | Dec. 19, 2025 |
| Plaintiffs serve their supplemental reply brief to Rule 23 motion and oppositions to any Northrop Grumman submission concerning Plaintiffs' experts. | Oct. 17, 2025 | Jan. 23, 2026 |
| Defendants serve any reply briefs in support of any challenge to Plaintiffs' experts, and the parties file their respective supplemental submissions. | Nov. 17, 2025 | Feb 27, 2026 |

## II. Individual Actions Discovery

### A. Plaintiffs' Position

In addition to the current class action, Plaintiffs' counsel has filed multiple personal injury and property damage actions in New York State Court against the same defendants. Defendants removed those cases to the United States District Court for the Eastern District of New York. Each action was brought on behalf of multiple plaintiffs, and all are currently stayed pending resolution of the instant class action. There are now twenty-nine (29) Individual Actions, on behalf of 459 plaintiffs, as identified in Exhibit A.

The motion for class certification was briefed and filed on June 6, 2023. At the joint request of the parties, this Court deferred ruling on that motion and, on January 21, 2024 (ECF No. 1967), appointed a mediator to assist the parties in exploring settlement.

The parties have since participated in mediation for more than a year, extensively in person and virtually. Despite these efforts, no resolution has been reached. Most recently, defendants' counsel advised that the in-person mediation scheduled for September 17, 2025 would need to be postponed. This repeated delay underscores the urgency of allowing the plaintiffs in the Individual Actions to move forward. Many of these plaintiffs suffer from terminal diagnoses and have already waited nearly a decade for their claims to be heard.

Although the Individual Actions share some common issues of law and fact with the class claims, they largely involve personal injury allegations that are not encompassed within the pending class action. Regardless of how the Court ultimately rules on class certification, and absent any progress toward settlement, these plaintiffs are entitled to their day in court. Further delays would cause severe prejudice, as some cases have now been pending for more than seven years. Under Federal Rule of Civil Procedure 42(a)(3), the Court has discretion to permit related cases to proceed where delay would result in such prejudice.

At a minimum, discovery in the Individual Actions should be permitted to move forward, including defendants' opportunity to depose the plaintiffs, consistent with the schedule proposed below and subject to the procedural issues raised by defendants' counsel.

The concerns detailed in the Northrop Grumman position below that the schedule proposed by Plaintiffs is unworkable are overstated and can readily be addressed while maintaining the proposed schedule. Moreover, Plaintiffs in the individual actions also allege personal injury claims that are not part of the class action and should not be forced to needlessly wait their turn, especially given the aforementioned delays.

As set forth in the schedule below, Plaintiffs request that the parties meet and confer to organize the existing personal injury plaintiffs into appropriate clusters. By clustering the individual-action plaintiffs in this manner, the parties can streamline depositions, avoid duplicative efforts, and resolve the very scheduling concerns Defendants contend make the current timetable unworkable. First, Plaintiffs have already produced medical records for many of the individual-action plaintiffs. Second, a substantial number of these plaintiffs assert only personal injury claims, without property-damage causes of action. Clustering will allow those plaintiffs to be properly triaged and scheduled for depositions first, while the additional discovery sought by Defendants

proceeds in parallel. With respect to the property-damage claims, Plaintiffs intend to rely on the same expert reports submitted in connection with the motion and supplemental motion for class certification. If any additional discovery is needed, clustering will provide ample amount of time to produce any specific documents related to property damage claims. Further delay would unfairly subject many of the individual-action plaintiffs to ongoing and irreparable prejudice.

Plaintiffs respectfully submit for the Court's approval the following proposed scheduling Order in the Individual Actions:

| **Event** | **[Proposed Deadline]** |
| --- | --- |
| The Parties shall meet and confer to group the 459 Individual Action plaintiffs into nine clusters (up to 51 plaintiffs each) for deposition scheduling, and to determine criteria for prioritization, any cluster-based discovery, and the number of depositions per cluster, and any other discovery in the Individual Actions from Northrop Grumman. | October 6, 2025 |
| Northrop Grumman deposes plaintiffs in cluster 1 | November 1, 2025 – December 31, 2025 |
| Northrop Grumman deposes plaintiffs in cluster 2 | January 1, 2026 – February 28, 2026 |
| Northrop Grumman deposes plaintiffs in cluster 3 | March 1, 2026 – April 30, 2026 |
| Northrop Grumman deposes plaintiffs in cluster 4 | May 1, 2026 – June 30, 2026 |
| Northrop Grumman deposes plaintiffs in cluster 5 | July 1, 2026 – August 31, 2026 |
| Northrop Grumman deposes plaintiffs in cluster 6 | September 1, 2026 – October 30, 2026 |
| Northrop Grumman deposes plaintiffs in cluster 7 | November 1, 2026 – December 31, 2026 |
| Northrop Grumman deposes plaintiffs in cluster 8 | January 1, 2027 – February 28, 2027 |
| Northrop Grumman deposes plaintiffs in cluster 9 | March 1, 2027 – April 30, 2027 |

### B. Northrop Grumman's Position

Northrop Grumman respectfully requests that the Court adhere to the existing schedule, which stays "Phase II" of discovery in *Romano* and the related and consolidated Individual Actions until after plaintiffs' motion for class certification has been decided. (*See* ECF No. 137 ("The parties reserve all rights regarding the scope and timing of Phase II merits discovery, to be determined after resolution of Plaintiffs' motion for class certification."); *see also, e.g.*, *Brzozowski et al v. Northrop Grumman et al.*, No. 2:24-cv-05285-JS-LGD ("*Brzozowski*") Oct. 7, 2025 Order (*sua sponte* staying the case and noting that "[t]he related individual actions are also before Judge Brown and have been stayed pending resolution of the motion for class certification in *Romano*, consistent with Judge Brown's prior Orders").) Because the parties agreed both to stay resolution of class issues pending mediation, and to supplement class briefing while mediation efforts continue, the length of mediation efforts is not a reason to deviate from the existing schedule.

Phase II discovery should remain stayed because the scope of merits discovery needed will remain unclear until it is known if any claims will proceed on a class-wide basis. For example, plaintiffs in the Individual Actions purport to be members of the *Romano* putative property and medical monitoring classes. Litigating claims on an individual and class basis is inefficient, wastes judicial resources, and risks inconsistent decisions that would further complicate resolution of what is already a complex matter. That is why at every turn in this matter the conclusion has been to resolve class issues before turning to the Individual Actions.

To the extent the Court prefers to deviate from that schedule and allow Phase II discovery to proceed on any claims, Northrop Grumman respectfully submits that Plaintiffs' proposed schedule is unworkable. The parties have not conducted any fact discovery in the Individual Actions, which would need to occur prior to the depositions Plaintiffs request. For instance, in light of the allegations concerning diminution in property value and claims of personal injury, Northrop Grumman would, as is customary in such matters, require the production of certain materials prior to deposing any plaintiffs in the Individual Actions. Such materials include complete property records (including, without limitation, appraisals, tax assessments, and insurance valuations), as well as comprehensive medical records relating to the alleged injuries (including, for example, documentation addressing potential alternative causes and the plaintiffs' overall medical histories). In addition, independent medical examinations of the plaintiffs may be required.

When the Individual Actions were filed, and after meeting and conferring in accordance with Local Rule 50.3.1(d), counsel for the parties agreed that Northrop Grumman would only serve an answer to each Individual Action, which Northrop Grumman has done. The next step would be for the Court to hold initial conferences and set discovery schedules in an orderly fashion, consistent with Judge Brown's prior Orders related to consolidating the Individual Actions.[1]

---

[1] *See Romano*, Feb.10, 2020 Order (referring *Romano* and three related individual actions to Magistrate Judge Lindsay for consolidation); *Romano*, Mar. 13, 2020 Order (adding *Cammarata v. Northrop Grumman*, No. 20-cv-00511-GRB-ST ("*Cammarata*") to the consolidation caption); *see also Brzozowski*, Oct. 7, 2025 Order; *Cannava,* July 7, 2023 Order (adjourning the case's initial conference pending resolution of the *Romano* class certification motion); *DiBenedetto*, Dec. 12, 2023 (staying all discovery "pending adjudication of the *Romano* class certification motion"); *Chapman*, Sept. 28, 2022 Order (adjourning the case's initial conference pending resolution of the *Romano* class certification motion); *Alahverdian*, Sept. 19, 2022 Order (same); *Agrillo*, Aug. 8, 2022 Order (same); *DeGregoris*, July 19, 2022 Order (same).

Further, not all of the Individual Actions are before Your Honor. Judge Brown currently presides over each of the Individual Actions, and twenty-three of the Individual Actions have also been assigned to Your Honor as Magistrate Judge.[2] Thus, other magistrate judges would need to conduct parallel proceedings if Judge Brown were to lift the current stay of discovery. Northrop Grumman accordingly proposes that, as the current schedule provides, after the parties have digested forthcoming rulings on class certification and any resolution of issues that might occur as part of ongoing mediation the Court should hold a conference to discuss how best to manage whatever part of this litigation remains. In advance, the parties will meet and confer regarding a schedule for Phase II discovery, which would provide for all written discovery, including requests for production and interrogatories, Plaintiff fact sheets, as well as depositions, in an orderly fashion.

Finally, Northrop Grumman submits that even though it believes the Court should continue to stay the Individual Actions, if any specific Individual Action plaintiffs are facing hardships that counsel in favor of accelerating the taking of their testimony with expedited discovery, Northrop Grumman is willing to accelerate discovery for those plaintiffs. In the unlikely event the parties cannot agree on a schedule for any such plaintiffs, the parties can promptly advise the Court for a determination on how best to proceed.

---

[2] The seven Individual Cases that are not yet assigned to Your Honor as Magistrate Judge are *Brzozowski* (assigned to Mag. Judge Lee G. Dunst); *Cannava v. Northrop Grumman, et al.*, 2:23-cv-01429-GRB-LGD ("*Cannava*") (assigned to Mag. Judge Dunst); *Chapman v. Northrop Grumman, et al*., No. 2:22-cv-02070-GRB-AYS ("*Chapman*") (assigned to Mag. Judge Ann Y. Shields); *DiBenedetto v. Northrop Grumman, et al*., 2:22-cv-07353-GRB-JMW ("*DiBenedetto*") (assigned to Judge James M. Wicks); *Alahverdian v. Northrop Grumman, et al*., No. 2:22-cv-03645-GRB-AYS (assigned to Mag. Judge Shields); *Agrillo v. Northrop Grumman, et al*., No. 2:22-cv-03199-GRB-AYS (assigned to Mag. Judge Shields); *DeGregoris v. Northrop Grumman, et al*., No. 2:22-cv-01432-GRB-AYS ("*DeGregoris*") (assigned to Mag. Judge Shields). The twenty-three actions assigned to Your Honor as Magistrate Judge also include *Vincent Romano, Jr. v. Northrop Grumman, et al.*, 2:25-cv-03841 ("*Romano Jr.*"), a case with one plaintiff represented by other counsel who has already agreed to stay that matter pending resolution of class certification.

Date: October 1, 2025  Respectfully submitted,

| | |
|---|---|
| **NAPOLI SHKOLNIK PLLC** | **PROSKAUER ROSE LLP** |
| By: */s/ Robert Gitelman* | By: */s/ Grant J. Esposito* |

**NAPOLI SHKOLNIK PLLC**

By: */s/ Robert Gitelman*

Robert Gitelman
400 Broadhollow Road, Suite 305
Melville, New York 11747
Telephone: (212) 397-1000
rgitelman@napolilaw.com

Paul J. Napoli
1302 Avenida Ponce de Leon
Santurce, Puerto Rico 00907
Telephone: (787) 493-5088
pnapoli@nsprlaw.com

**ENVIRONMENTAL
  LITIGATION GROUP, P.C.**

By: */s/ Gregory A. Cade*
Kevin B. McKie
Gregory A. Cade
Gary A. Anderson

2160 Highland Avenue South
Birmingham, Alabama 35205
Telephone: (205) 328-9200
kmckie@elglaw.com
GregC@elglaw.com
gary@elglaw.com

*Attorneys for Plaintiffs*

**PROSKAUER ROSE LLP**

By: */s/ Grant J. Esposito*

Grant J. Esposito
David J. Fioccola
Robert J. Baehr
Eleven Times Square
New York, New York 10036
Telephone: (212) 969-3010
gesposito@proskauer.com
dfioccola@proskauer.com

Mark A. Miller (*pro hac vice*)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC 20005
Telephone: (202) 898-5800
Facsimile: (202) 682-1639
mmiller@hollingsworthllp.com

*Attorneys for Defendants
Northrop Grumman Corporation and
Northrop Grumman Systems Corporation*

# EXHIBIT A
## *ROMANO* RELATED & CONSOLIDATED ACTIONS

1. *Romano v. Northrop Grumman*, No. 2:16-cv-05760 (*33 plaintiffs*)
2. *Ackerman v. Northrop Grumman*, No. 2:18-cv-04397-GRB-ST (*76 plaintiffs*)
3. *Cornett v. Northrop Grumman*, No. 2:18-cv-06453-GRB-ST (*3 plaintiffs*)
4. *Ackerson v. Northrop Grumman*, No. 2:19-cv-00942-GRB-ST (*51 plaintiffs*)
5. *Ball v. Northrop Grumman*, No. 2:19-cv-04381-GRB-ST (*17 plaintiffs*)
6. *Cammarata v. Northrop Grumman*, No. 2:20-cv-00511-GRB-ST (*22 plaintiffs*)
7. *Auer v. Northrop Grumman*, No. 2:21-cv-00415-GRB-ST (*28 plaintiffs*)
8. *Betancourt v. Northrop Grumman*, No. 2:21-cv-04426-GRB-ST (*14 plaintiffs*)
9. *Cornell-Trotto v. Northrop Grumman*, No. 2:22-cv-00285-GRB-ST (*10 plaintiffs*)
10. *Cerza v. Northrop Grumman*, No. 2:22-cv-00584-GRB-ST (*10 plaintiffs*)
11. *Bencal v. Northrop Grumman*, No. 2:22-cv-00982-GRB-ST (*10 plaintiffs*)
12. *Accardi v. Northrop Grumman*, No. 2:22-cv-01143-GRB-ST (*10 plaintiffs*)
13. *DeGregoris v. Northrop Grumman,* No. 2:22-cv-01432-GRB-AYS (*10 plaintiffs*)
14. *Beganskas v. Northrop Grumman*, No. 2:22-cv-01719-GRB-ST (*10 plaintiffs*)
15. *Chapman v. Northrop Grumman*, No. 2:22-cv-02070-GRB-AYS (*11 plaintiffs*)
16. *Barletta v. Northrop Grumman*, No. 2:22-cv-02504-GRB-ST (*10 plaintiffs*)
17. *Bland v. Northrop Grumman*, No. 2:22-cv-02780-GRB-ST (*10 plaintiffs*)
18. *Agrillo v. Northrop Grumman*, No. 2:22-cv-03199-GRB-03199 (*10 plaintiffs*)
19. *Alahverdian v. Northrop Grumman*, No. 2:22-cv-03645-GRB-AYS (*10 plaintiffs*)
20. *Becker v. Northrop Grumman*, 2:22-cv-04777-GRB-ST (*10 plaintiffs*)
21. *Holohan v. Northrop Grumman*, 2:22-cv-05441-GRB-ST (*10 plaintiffs*)
22. *DiBenedetto v. Northrop Grumman*, 2:22-cv-07353-GRB-JMW (*11 plaintiffs*)
23. *Cannava v. Northrop Grumman*, 2:23-cv-01429-GRB-LDG (*21 plaintiffs*)
24. *Ceglio v. Northrop Grumman*, 2:23-cv-06599-GRB-ST (*10 plaintiffs*)
25. *Coleman v. Northrop Grumman*, 2:23-cv-08089-GRB-ST (*10 plaintiffs*)
26. *Blessinger v. Northrop Grumman*, 2:24-cv-03989-GRB-ST (*21 plaintiffs*)
27. *Brzozowski v. Northrop Grumman*, 2:24-cv-05285-GRB-LGD (*20 plaintiffs*)
28. *Sager v*. Northrop Grumman, 2:25-cv-03230-GRB-ST (5 plaintiffs)
29. *Barry v. Northrop Grumman*, 2:25-cv-03461-GRB-ST (9 plaintiffs)
30. *Santoriello v. Northrop Grumman*, 2:25-cv-03643 (10 plaintiffs)
31. *Vincent Romano, Jr. v. Northrop Grumman*, 2:25-cv-03841 (1 plaintiff) [3]

---

[3] See FN 2.