# NAPOLI SHKOLNIK PLLC
## ATTORNEYS AT LAW

March 18, 2026

**VIA CM/ECF**

Magistrate Judge Steven L. Tiscione
Central Islip Federal Courthouse
100 Federal Plaza
Central Islip, New York 11722-4451

>   Re:   *Plaintiffs' motion to partially lift stay in certain cases related to Romano v.*
>   *Northrop Grumman Corporation et al., No. 16-cv-05760*

Dear Judge Tiscione:

Plaintiffs identified on the enclosed Rider (the "Plaintiffs") respectfully submit this Letter Motion to Lift the Stay and for Related Relief.

Plaintiffs have each been diagnosed with serious forms of cancer that their experts have linked to exposure to hexavalent chromium ("CrVI") and trichloroethylene ("TCE"). Plaintiffs allege, and undersigned counsel has a good-faith basis to allege, that Northrop Grumman negligently released these contaminants into the environment before and during the period Plaintiffs resided in the surrounding area, thereby causing their cancers. Each Plaintiff timely commenced a personal injury action in New York state court against Northrop Grumman Corporation and Northrop Grumman Systems Corporation (collectively, "Northrop Grumman"). The actions were removed to this Court, consolidated with the Romano putative class action and other related individual actions, and subsequently stayed pending resolution of the class certification motion.

A stay of these individual personal injury actions may initially have been warranted to permit coordinated handling while the Romano putative class action advanced. However, circumstances have changed materially, and continued imposition of the stay is no longer justified. Mediation of the class claims has failed to produce any resolution, no further mediation sessions are currently scheduled, and the Romano plaintiffs' amended motion for class certification is not set to be fully briefed until April 15, 2026. Newly discovered evidence of additional CrVI contamination in Bethpage Community Park and TCE contamination in multiple water wells threatens to complicate and further prolong the class proceedings. These Plaintiffs have already waited five years or more — in many cases nearly a decade — for their claims to be heard. They have waited long enough.

March 18, 2026
Page 2

Separate and apart from the Romano putative class action — which seeks certification of property damage and medical monitoring classes — numerous individual personal injury actions are pending, brought by longtime Bethpage residents who have been diagnosed with cancer caused by exposure to CrVI and TCE released from the Northrop Grumman Facility. Each of the Plaintiffs resided in or around Bethpage, New York for at least one year prior to 1987, on properties located near the Facility and/or within the area affected by contaminated groundwater plumes migrating from the site. More specifically, each lived in the geographic area that the Romano plaintiffs' own expert estimated to carry elevated cancer risks due to decades of airborne and environmental releases from Grumman's operations.

Critically, these Plaintiffs assert only personal injury claims. They do not seek property damage or medical monitoring relief and are therefore not members of, and will not be affected by the outcome of, any of the classes proposed in the Romano action. The Romano proceedings will neither resolve nor in any way impact their individual claims.

The Plaintiffs identified on the enclosed Rider each suffer from serious, often terminal or rapidly progressing cancers. They are concerned that further delay will cause their health to deteriorate to the point that they will be unable to participate meaningfully in the prosecution of their claims or provide critical testimony. Many have already waited nearly a decade. In the parties' October 10, 2025 Joint Status Report, Plaintiffs previously urged the Court to allow the individual actions to move forward, noting the terminal nature of many plaintiffs' illnesses.

The Individual Actions share materially similar factual allegations and present common issues regarding general causation. Coordinating discovery on these common issues would promote efficiency for the parties, the experts, and the Court while reducing the risk of inconsistent determinations. Targeted Phase Two discovery can proceed without interfering with the Romano class proceedings. There is no legitimate efficiency concern or risk of inconsistent rulings that justifies forcing these particular Plaintiffs to remain in limbo. Any limited duplication of discovery on certain defense witnesses concerning Facility operations would be modest and is far outweighed by the substantial prejudice these gravely ill Plaintiffs would suffer from continued indefinite delay.

Courts in the Eastern District of New York and the Second Circuit have long held that the power to stay proceedings, while discretionary, must be exercised reasonably and may not result in undue or irreparable prejudice. See Landis v. North American Co., 299 U.S. 248, 254-55 (1936) (a stay must balance competing interests and avoid inequity). Prolonged or indefinite stays that undermine a litigant's ability to prosecute claims — particularly where the individual actions are wholly independent of the class issues and judicial economy is not advanced by further delay — are inappropriate.

Federal Rule of Civil Procedure 42(b) provides the Court with broad authority to order separate trials or proceedings "[f]or convenience, to avoid prejudice, or to expedite and economize." As recognized in this Circuit, only one of these conditions is required to justify relief. Here, all three are satisfied. Lifting the stay as to these Plaintiffs would serve the convenience of the parties through efficient, targeted discovery; avoid irreparable prejudice to seriously ill individuals whose critical testimony and ability to participate meaningfully are at imminent risk;

March 18, 2026
Page 3

and expedite the resolution of cases that have already been pending for many years — thereby fulfilling Rule 1's mandate for the "just, speedy, and inexpensive determination of every action." For the foregoing reasons, Plaintiffs respectfully request that the Court lift the stay, and any related limitations on Phase Two discovery, as to the cases identified on the enclosed Rider.

The Plaintiffs identified on the enclosed Rider comprise a mutually agreed-upon subset of the individual personal injury actions currently pending before this Court. This group has been further limited to those cases presently referred to Your Honor, so as to avoid any encroachment upon matters assigned to other magistrate judges.

Respectfully submitted,

NAPOLI SHKOLNIK PLLC

By: */s/ Robert Gitelman*
Robert Gitelman
400 Broadhollow Road, Suite 305
Melville, New York 11747
Telephone: (212) 397-1000
rgitelman@napolilaw.com

Paul J. Napoli
1302 Avenida Ponce de Leon
Santurce, Puerto Rico 00907
Telephone: (787) 493-5088
pnapoli@nsprlaw.com

ENVIRONMENTAL
    LITIGATION GROUP, P.C.

By: */s/ Gregory A. Cade*
Gregory A. Cade
Kevin B. McKie
Gary A. Anderson
2160 Highland Avenue South
Birmingham, Alabama 35205
Telephone: (205) 328-9200
GregC@elglaw.com
kmckie@elglaw.com
gary@elglaw.com

***Attorneys for Plaintiffs***

cc:      All counsel of record (via CM/ECF)

3