Proskauer Rose LLP    Eleven Times Square    New York, NY 10036-8299

March 25, 2026

**via ECF**

Hon. Steven L. Tiscione
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Grant J. Esposito
Member of the Firm
d +1.212.969.3010
f 212.969.2900
GEsposito@proskauer.com
www.proskauer.com

Re:    *Romano et al v. Northrop Grumman Corporation et al*, 2:16-cv-05760-GRB-ST
       <u>Opposition to Plaintiffs' Motion to Partially Lift the Stay on Discovery for Certain
       Individual Actions</u>

Dear Magistrate Judge Tiscione:

Defendants Northrop Grumman Corporation and Northrop Grumman Systems Corporation (collectively "NG") write to oppose Plaintiffs' letter motion to partially lift the stay on discovery for certain claimants. ECF 188. The Court stayed the individual actions pending rulings on Plaintiffs' motion for class certification and NG's motions to strike the opinions of Plaintiffs' experts, on which Plaintiffs' claims in both *Romano* and the individual actions hinge. *See, e.g.*, *Brzozowski et al v. Northrop Grumman et al.*, No. 2:24-cv-05285-JS-LGD Oct. 7, 2025 Order (staying the case and noting that "[t]he related individual actions are also before Judge Brown and have been stayed pending resolution of the motion for class certification in Romano, consistent with Judge Brown's prior Orders"). The parties jointly extended the schedule to resolve those motions, which will be fully submitted in three weeks, by April 15, 2026. ECF 187. As the parties and Court have long contemplated, after the Court rules on those motions, the parties will meet and confer to arrange a schedule for whatever remains of this litigation.[1] Plaintiffs have not demonstrated that circumstances have changed nor have they raised any arguments to warrant deviation from the Court's prior orders. Waiting to lift the stay until the class certification and related motions are resolved remains the proper way to proceed.

### A.    The Pending Motions Will Provide Needed Guidance for, If Not Dispose of, the Rider Claimants' Actions.

Though Plaintiffs assert that decisions in the *Romano* case will not "in any way" impact the Rider Claimants' personal injury claims, their own filing belies this position. Each of the Rider Claimants bring claims that rely on the opinions of "the Romano plaintiffs' own expert." ECF 188 at 2. In other words, the viability of the Rider Claimants' claims depends on this Court's determinations as to the admissibility of the *Romano* experts' opinions. The chemicals allegedly at issue in the Rider Claimant actions and in *Romano* are the same (TCE and hexavalent chromium

---

[1] *See* Order re ECF 137 ("The parties reserve all rights regarding the scope and timing of Phase II merits discovery, to be determined after resolution of Plaintiffs' motion for class certification.").

**Proskauer»**

Hon. Steven L. Tiscione
March 25, 2026
Page 2

(CrVI)).  And the expert opinions at issue are the sole basis for the threshold inquiry of any claim against NG: Has any person or property been exposed to TCE or CrVI that might have migrated from the legacy Navy/Grumman site in Bethpage?  Plaintiffs have no evidence of actual exposure, much less at levels that could cause actionable harm.  Their case rests on their experts' theoretical exposure models.  If the Court excludes these expert opinions, as NG has argued it should, the Rider Claimants' claims would not proceed.

That viable challenges to exclude the Romano experts' reports exist that would dispose of the Rider Claimant's claims weighs strongly in favor of keeping the stay in place.  *See Palladino v. JPMorgan Chase & Co.*, 345 F.R.D. 270, 274 (E.D.N.Y.), *aff'd*, 730 F. Supp. 3d 4 (E.D.N.Y. 2024) (granting motion to stay discovery in light of pending dispositive motions); *Bethpage Water Dist. v. Northrop Grumman Corp.*, No. 13-CV-6362 SJF WDW, 2014 WL 6883529, at *2 (E.D.N.Y. Dec. 3, 2014) (same).  Relatedly, motion practice on the claims of the Rider Claimants will center on the same expert opinions whose admissibility is pending before this Court.  Allowing the Rider Claimants to proceed thus risks duplicative, if not inconsistent, rulings.  *See Delgado v. NJ Transit Rail Operations, Inc.*, 329 F.R.D. 506 (S.D.N.Y. 2019) (staying discovery would "best serve the interests of the courts by promoting judicial efficiency and minimiz[ing] the possibility of conflicts between different courts") (quoting *Catskill Mountains Chapter of Trout Unlimited, Inc. v. U.S. E.P.A.*, 630 F. Supp. 2d 295, 304 (S.D.N.Y. 2009)) (internal citation omitted).

### B.    Material Circumstances Have Not Changed That Warrant Lifting the Stay.

None of the reasons Plaintiffs cite in support of their motion to reconsider the stay are persuasive.  Delay alone does not suffice.  *See Brinkmann v. Town of Southold, New York*, No. 21-cv-02468-LDH-JMW, 2022 WL 3912974, at *2 (E.D.N.Y. Aug. 31, 2022) (denying motion to lift discovery stay given "no change in circumstances" despite "the length of time [a] motion to dismiss has been pending"); *Concern for Indep. Living, Inc. v. Town of Southampton, New York*, No. 24-CV-07101 (NJC) (JMW), 2025 WL 3206497, at *1 (E.D.N.Y. Nov. 17, 2025) (same); *DePaul v. Kimberly-Clark Corp.*, 2025 WL 2256307, at *3 (D. Conn. Aug. 7, 2025) (finding that "delay alone cannot itself constitute prejudice sufficient to defeat a motion to stay discovery" despite Plaintiffs' claims that it "would prolong their ongoing exposure to PFAS contamination") (internal quotations omitted).  Especially here where Plaintiffs sought to supplement class certification briefing, not NG, thereby extending the schedule by many months.  Regardless, the class certification and expert motions will be fully briefed and before the court in three weeks.  Any stay only would be in place until the Court resolves those motions.

While it is true that mediation efforts have stalled, those ongoing efforts are not delaying the litigation, which has been proceeding on parallel tracks based on the parties' agreement to resolve key issues on class certification.  Forthcoming rulings on those issues will define what claims, if any, proceed.  Next, plaintiffs' claim of "[n]ewly discovered evidence of additional" contamination is neither supported nor accurate.[2]  Operations at the legacy Navy/Grumman site

---

[2] *See, e.g.*, NYDEC Groundwater Plume Cleanup Update (Jan. 2026) (https://dec.ny.gov/sites/default/files/2026-01/grummanupdate0126.pdf) ("The public water that is being supplied to people's homes meet strict drinking water standards that are established by the DOH and is safe to drink."); NYSDEC Press Release, *DEC Announces*

**Proskauer»**

Hon. Steven L. Tiscione
March 25, 2026
Page 3

ended decades ago, and regulators, who continue to monitor ongoing remediation efforts, continue to reaffirm that no one and no property is at risk of injury.[3]

Lifting the stay will also burden third parties. Should discovery proceed it would not just include depositions and supplemental discovery as to the Rider Claimants, but also as to dozens of third parties with properly discoverable information relevant to these claims including treating physicians, insurance companies, local and state authorities, and Navy and other Government personnel. The Court should first decide the pending motions, which will inform the scope of the remaining litigation, before imposing expensive and potentially unnecessary undertakings for third parties.

Finally, Plaintiffs raise concerns that deteriorating health of some Rider Claimants may impact their ability to prosecute these claims. As NG made clear when Plaintiffs last raised the issue of lifting the stay, which the Court denied, NG remains willing to accelerate the taking of discovery for specific plaintiffs facing such hardships. *See* ECF 183 at 6. But Plaintiffs have failed to substantiate any, and their vague representations are insufficient. Contrary to the misrepresentation in Plaintiffs' letter motion, Plaintiffs' proposed list of claimants has not been "mutually agreed upon" and Plaintiffs have not offered to demonstrate why any of the Rider Claimants would face particular hardships in waiting for adjudication of the pending class certification motion. *Contra* ECF 188 at 3. NG remains willing to meet and confer over discovery for a discrete number of plaintiffs whose health could impair their ability to prosecute their claims.

In light of the foregoing, NG respectfully requests that the Court again deny Plaintiffs' motion to lift the stay for the Rider Claimants and keep the status quo in place until the resolution of the pending class certification and *Daubert* motions. If the Court is inclined to grant Plaintiffs' motion, NG respectfully requests that the Court order the parties to meet and confer to determine a list of claimants for whom they can actually mutually agree to proceed with discovery.

Respectfully submitted,

*/s/ Grant J. Esposito*
Grant J. Esposito

---

*Completion of Second Phase Thermal Treatment to Address Contamination at Former Grumman Settling Ponds* (Oct. 30, 2025) (https://dec.ny.gov/news/press-releases/2025/10/dec-announces-completion-of-second-phase-thermal-treatment-to-address-contamination-at-former-grumman-settling-ponds) ("[M]onitoring shows that a clean front of groundwater is developing downgradient of the site.").

[3] To the extent plaintiffs are referring to the discovery two years ago of concrete encased drums in an unused part of the Bethpage Community Park, the regulators have similarly confirmed they caused no harm and that ongoing remedial efforts at that Park are fully protective of human health and the environment. *See* NYSDEC, Environmental Investigation and Cleanup Activities at the Former U.S. Navy and Northrop Grumman Bethpage Facility Sites (March 25, 2026), https://dec.ny.gov/environmental-protection/site-cleanup/regional-remediation-project-information/region-1/environmental-investigation-cleanup-activities-bethpage-facility-sites ("[T]here are no new exposures or risk to public health due to the recent discovery of intact buried drums . . . .").