

**DLA Piper LLP (US)**
1201 West Peachtree Street Suite 2900
Atlanta, Georgia 30309-3449
www.dlapiper.com

Christopher G. Campbell
christopher.campbell@us.dlapiper.com
T   404.736.7808

May 18, 2026

VIA ECF

Hon. Steven L. Tiscione
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re: *Romano, et al. v. Northrop Grumman Corporation, et al.*, Case No. 2:16-cv-5760-GRB-ST

Dear Judge Tiscione:

On behalf of Defendants Northrop Grumman Corporation and Northrop Grumman Systems Corporation (collectively, "Northrop Grumman"), we respectfully confirm our request for oral argument on Plaintiffs' motion for class certification and request for an evidentiary hearing before this Court, under Federal Rule of Evidence 702. Northrop Grumman timely requested oral argument consistent with the Court's Individual Practice Rules, section III. C. and submits this letter to clarify our request. [ECF Nos. 193, 195, and 198]. In the interest of judicial efficiency, and to avoid the need for duplicative proceedings, Northrop Grumman respectfully suggests that both the Rule 702 and class certification issues be addressed at a single, unified hearing. Consistent with the interest of judicial economy and to alleviate any concerns about duplicative hearings, Northrop Grumman respectfully submits that, should the Court deem it appropriate, and at the Court's convenience and discretion, the Honorable Gary Brown be afforded the opportunity to attend the hearing alongside Your Honor. I certify that counsel for Northrop Grumman has met and conferred in good faith with counsel for Plaintiffs in an effort to resolve the issues raised herein without court intervention. Plaintiffs oppose this request.

## I.        Voluminous Record Before the Court

The record before this Court on class certification and the related Rule 702 motions encompass thousands of pages of briefing, expert reports, deposition testimony, and supporting exhibits bearing on technical scientific and novel methodological questions. Northrop Grumman moved to exclude the opinions of each of Plaintiffs' principal class certification experts — Mr. Bost, Dr. Rosenfeld, Dr. Kevin Boyle, Dr. Guidotti, and Dr. W. Richard Laton — under Rules 702 and 703 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). The parties fully briefed these motions, including supplemental motions, with extensive declarations and exhibits. [ECF Nos. 156, 195-197]. Plaintiffs also filed an unauthorized and untimely supplemental opposition to the motion to exclude Dr. Laton, to which Northrop Grumman replied. [ECF Nos. 201-202].

The voluminous record, the complexity of the expert opinions at issue, and the consequential nature of the class certification decision warrant both oral argument and an evidentiary hearing. Northrop Grumman respectfully requests that the Court exercise its discretion to hold such proceedings in aid of its gatekeeping responsibility under Rule 702.



Hon. J. Tiscione
May 18, 2026
Page 2

## II. The Court's Gatekeeping Obligation Under Rule 702

Rule 702 imposes on district courts a "gatekeeping" obligation "to ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable" because expert witnesses have the potential to "be both powerful and quite misleading." *Daubert*, 509 U.S. at 589, 595. The 2023 amendments to Rule 702 "clarify and emphasize" that the proponent must "demonstrate to the court that it is more likely than not" that the proffered opinions meet the requirements for admission. *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14 MD 2542 (VSB), 2025 WL 354671, at *1 (S.D.N.Y. Jan. 30, 2025); *United States v. Williams*, 506 F.3d 151, 160 (2d Cir. 2007). If Plaintiffs cannot meet these "exacting standards," *Weisgram v. Marley Co.*, 528 U.S. 440, 455 (2000), the testimony may not be admitted.

In the Second Circuit, courts routinely conduct a complete *Daubert* inquiry at the class certification stage. *See, e.g.*, *In re Restasis (Cyclosporine Ophthalmic Emulsion) Antitrust Litig.*, No. 18-MD-2819 (NG) (LB), 2020 WL 2280144, at *2 (E.D.N.Y. May 5, 2020); *Jensen v. Cablevision Sys. Corp.*, 372 F. Supp. 3d 95, 112 (E.D.N.Y. 2019). The court must resolve factual disputes at the class certification stage, *In re Initial Pub. Offerings Sec. Litig.*, 471 F.3d 24, 41–42 (2d Cir. 2006), and "evidence proffered in support of a motion for class certification must be admissible." *Lanqing Lin v. Everyday Beauty Amore Inc.*, No. 18-CV-729 (BMC), 2019 WL 3037072, at *3 (E.D.N.Y. July 11, 2019); *see also In re Restasis*, 2020 WL 2280144, at *2 (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 354 (2011)).

The Supreme Court has emphasized that the trial judge must have "considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable, including the decision to hold a hearing." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999). While not required, an evidentiary hearing is particularly appropriate — and may be essential — where, as here, the proposed expert opinions offer only a theoretical basis for exposure and substitute regulatory standards for a causation opinion. The Court should hold an evidentiary hearing to rigorously examine the scientific and methodological foundations underlying each expert's conclusions because of the scientific and technical complexity of the theories advanced by Plaintiffs' experts, the extrapolation problems posed by these opinions, the reliability challenges inherent in their theories, and the fact that the pending Rule 23 motions depend entirely on the viability of the unprecedented opinions. *See Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 267 (2d Cir. 2002) ("[T]he district court should undertake a rigorous examination of the facts on which the expert relies, the method by which the expert draws an opinion from those facts, and how the expert applies the facts and methods to the case at hand.").

## III. A Live Evidentiary Hearing Is Warranted

The Court should hold a *Daubert* hearing with live testimony at least with respect to Mr. Bost, Dr. Rosenfeld, Dr. Boyle, and Dr. Guidotti for the following reasons. First, the challenged experts built their opinions on a "house of cards" structure in which each conclusion depends on the inputs of the preceding expert. Mr. Bost's challenged air emissions estimates form the foundation of Dr. Rosenfeld's air dispersion model, and Dr. Rosenfeld's modeled concentrations form the sole basis on which Dr. Guidotti recommends medical monitoring for the proposed class. Live testimony and cross-examination would allow the Court to probe the reliability of each link in this chain, and to assess each expert's ability to defend the assumptions and methodology underlying his opinions.

Second, the record reveals significant questions about whether these experts have reliably applied their own methodologies. Dr. Rosenfeld failed to verify any of the critical inputs he received from Mr. Bost, including



Hon. J. Tiscione
May 18, 2026
Page 3

fabricated emission points where there is no evidence of any emissions, the assumption that Northrop Grumman's emissions controls did not operate as intended, and the sizes of CrVI particles — each of which "demonstrates that the methodology he used to formulate his opinion was flawed under *Daubert* as it was not calculated to produce reliable results." *In re TMI Litig.*, 193 F.3d 613, 716 (3d Cir. 1999). Dr. Guidotti admitted he never conducted a Bradford Hill or other analysis to rule out alternative causes. Contrary to how plaintiffs characterize his opinion in their papers, Dr. Guidotti relies on regulatory standards to presume, rather than opine on, causation here. Further, his opinions lack any formal methodology for evaluating the risks and benefits of the medical monitoring program he proposes and fail to comply with New York law governing the viability of medical monitoring damages. Next, Dr. Boyle abandoned the methodology he uses in his own non-litigation work. Instead, his opinion relies on a single, 16-year-old meta-analysis that he manipulated in ways that were inconsistent with that study and not subject to peer review. In the process, Dr. Boyle ignores actual and available sales data in the proposed class area in favor of dissimilar real estate markets, time periods, and disamenities. These are precisely the types of issues best explored through live examination.

Third, other courts in this Circuit and elsewhere have found live *Daubert* hearings to be valuable in cases involving environmental contamination and scientific modeling. A live hearing in this case would afford the Court the opportunity to assess not only the soundness of the experts' written opinions but also their ability to articulate and defend the scientific bases for their conclusions.

### IV.    The Complexity and Consequences of the Pending Motions Warrant Oral Argument

Oral argument on the class certification motion is also justified. The proposed classes encompass property damage and medical monitoring claims, each resting on different legal theories and different expert testimony. Courts must weigh individualized issues of exposure and causation when analyzing predominance under Rule 23(b)(3) and have denied class certification where such individualized issues predominate. *See, e.g.*, *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 145, 165 (2d Cir. 1987) (holding that determination of whether contaminant caused harm "is highly individualistic, and depends upon the characteristics of individual plaintiffs (e.g. state of health, lifestyle) and the nature of their exposure"). Oral argument would materially assist the Court in navigating the interplay between the *Daubert* challenges and the Rule 23 requirements.

### V.    Conclusion

For the foregoing reasons, Northrop Grumman respectfully requests that the Court (1) schedule oral argument on the pending motion for class certification, and (2) schedule an evidentiary hearing at which Plaintiffs' experts Mr. Bost, Dr. Rosenfeld, Dr. Boyle, and Dr. Guidotti testify and be subject to cross-examination regarding the reliability and admissibility of their opinions under Rule 702 and *Daubert*.

Respectfully submitted,

/s/ *Christopher Campbell*
Christopher Campbell
cc: All counsel of record (via ECF)